STATE of Maine

v.

James RICHFORD.

Supreme Judicial Court of Maine.

Argued Nov. 17, 1986.

Decided Dec. 23, 1986.

R. Christopher Almy, Dist. Atty., Philip Worden (orally), Asst. Dist. Atty., Michael P. Roberts, Deputy Dist. Atty., Bangor, for plaintiff.

Edward C. Russell (orally), Bangor, for defendant.

Before McKUSICK, C.J., and NICHOLS, WATHEN, GLASSMAN and CLIFFORD, JJ.

CLIFFORD, Justice.

The defendant appeals a decision of the Superior Court, Penobscot County, denying his appeal from a conviction in the District Court, Bangor, for operating a motor vehicle while under the influence of intoxicating liquor, 29 M.R.S.A. § 1312–B (Supp. 1985). The defendant contends the District Court erred in failing to suppress evidence derived from a police officer's observations of the defendant in his parked automobile, and in excluding expert testimony tending to show the range of the defendant's blood-alcohol level at the time of his arrest. We affirm the judgment.

At about 1:15 a.m. on July 26, 1985, Officer John Roach of the Bangor Police Department was conducting a routine patrol in his police car. He saw the defendant sitting at the steering wheel of a parked car outside a bar on Franklin Street. It appeared to Officer Roach that the defendant was nodding off to sleep, then jerking up his head as it fell. Noting that it was about closing time for the bar and suspecting that the defendant had been drinking, Officer Roach parked his police car and approached the defendant's car.

The defendant's window was up, so Officer Roach knocked on it. The defendant rolled down his window to talk to Officer Roach. Officer Roach noticed that the defendant's speech was badly slurred and that his eyes were glassy. Officer Roach could smell a strong odor of alcohol coming from the defendant's mouth.

Officer Roach asked the defendant if he was all right, and offered to call a taxi. Declining the offer, the defendant explained that he was not driving and that his girlfriend had the keys. The defendant then left his car without hindrance from Officer Roach, walked to the sidewalk, and stood with his arms crossed facing Officer Roach. Officer Roach noticed that the defendant walked unsteadily and that he rocked back and forth slightly as he stood on the sidewalk.

The defendant declined a second offer to call a taxi. Officer Roach then warned the defendant not to attempt to drive and further advised that he was going to give other police patrols in the area a description of the defendant's car and notify them that he had warned the defendant not to drive. Officer Roach then returned to his police car and drove around the block.

When Officer Roach turned onto Franklin Street, he saw the defendant's car leaving the curb. Officer Roach overtook the defendant's car at the next intersection, and, seeing the defendant at the steering wheel, promptly arrested him for operating a motor vehicle while under the influence of intoxicating liquor, 29 M.R.S.A. § 1312–B (Supp.1985). The defendant refused to take a test to determine his blood-alcohol level.

The District Court denied the defendant's motion to suppress evidence Officer Roach obtained from his observations while the defendant was sitting in his parked car.

At his trial the defendant testified to what he had eaten for supper that evening and how much he had drunk. He also testified how much he weighed when he was arrested. The defendant called Dr. James Young, a qualified analytical chemist, who testified he was able to compute the range of blood-alcohol level in an individual, given certain criteria. The criteria included the individual's weight, a factor based on the ratio of body fluids to body solids, the distribution of the alcohol, the percentage of alcohol in the beverage, the amount of alcohol consumed, and a factor computed by considering the individual's metabolism over time. The limits of the range were established by plotting findings based on no metabolism and slightly-more-than-average metabolism.

The court sustained the State's objection to the defendant's asking for Dr. Young's opinion regarding the range of the defendant's blood-alcohol level when he was arrested. The State based its objection on the ground of relevancy, pointing out that it had not offered any evidence pertaining to the defendant's blood-alcohol level.

Rather, argued the State, it sought only to establish that the defendant was operating under the influence of intoxicating liquor. After the court sustained the State's objection, the defendant did not make an offer of proof as to Dr. Young's testimony regarding the probable range of the defendant's blood-alcohol level or the degree of impairment the defendant would have suffered given that range.

From the District Court's judgment of guilty the defendant appealed to the Superior Court, contending the District Court erred in denying his motion to suppress and in excluding Dr. Young's opinion of the range of the defendant's blood-alcohol level when he was arrested. From the Superior Court's affirmance, the defendant raises these issues on this appeal. Where, as here, the Superior Court acts solely as an intermediate appellate court, we directly review the original adjudication in the District Court. *State v. Michael Z.*, 427 A.2d 476, 477 (Me.1981).

### I.

■ The District Court ruled that Officer Roach's encounter with the defendant while he was sitting in his vehicle constituted a stop, and was justified, because the officer had a reasonable articulable suspicion of criminal conduct on the part of the defendant. This court will reverse the District Court's denial of a motion to suppress based on a finding of reasonable suspicion only if that finding is clearly erroneous. *State v. Cyr*, 501 A.2d 1303, 1305 (Me. 1985); *State v. Thurlow*, 485 A.2d 960, 963 (Me.1984). If Officer Roach's conduct did indeed rise to the level of an investigatory stop, bringing into play the fourth amendment protections against unreasonable seizures, *see State v. Garland*, 482 A.2d 139, 142 (Me.1984); *Terry v. Ohio*, 392 U.S. 1, 16, 88 S.Ct. 1868, 1877, 20 L.Ed.2d 889 (1968), an issue we need not decide, the officer was well justified in approaching defendant, having reasonable grounds to believe that criminal conduct was about to be committed. The defendant was sitting in a car parked outside a bar at closing time. The movement of his head suggested that he was resisting drowsiness while seated at the steering wheel. Taken as a whole, together with the rational inferences that may be taken from them, these facts suggested that defendant was under the influence of alcoholic beverage and about to drive his car away. Such a finding of reasonable suspicion is not clearly erroneous.

■ Defendant argues that he was not in the process of attempting or conspiring to commit a crime. There is no requirement that the reasonable suspicion be that the defendant is in the act of committing a crime. It is enough if the police officer could reasonably suspect him of intending the imminent commission of a crime. *Garland*, 482 A.2d at 142; *State v. Bushey*, 425 A.2d 1343, 1345 (Me.1981); *Terry*, 392 U.S. at 28, 88 S.Ct. at 1883.

### II.

■ The defendant failed to make an offer of proof of Dr. Young's testimony regarding the range of the defendant's blood-alcohol level when he was arrested. *See* M.R.Evid. 103(a)(2). Accordingly, we review the record to determine whether exclusion of the testimony was obvious error affecting substantial rights. *See* M.R. Evid. 103(d). Exclusion of Dr. Young's testimony was not prejudicial error, much less "seriously prejudicial error tending to produce manifest injustice." *State v. Walker*, 512 A.2d 354, 355–56 (Me.1986).

■ As we said in *State v. Mylon*, 462 A.2d 1184, 1187 (Me.1983), the court has scope of considerable breadth in deciding whether to admit opinion testimony of a defendant's blood-alcohol level, and its decision will be disturbed on appeal only on a clear showing of abuse of discretion. *See also State v. Collin*, 441 A.2d 693 (Me. 1982). Here not only did the defendant fail to make an offer of proof regarding the range of his blood-alcohol level, but the defendant did not produce testimony re-

garding the degree of impairment the defendant would have suffered given that range. The defendant having failed to establish an essential link between the proffered opinion and the essential matter at issue, there was no reversible error in the exclusion of Dr. Young's testimony.[1] *See Collin*, 441 A.2d at 695.

The entry is:

Judgment affirmed.

All concurring.

---

**1.** It was suggested that 29 M.R.S.A. § 1312(5) *(1978* and Supp.1985) provides statutorily mandated relevancy of blood-alcohol level. We do not agree. As its context indicates, evidence of an individual's blood-alcohol content has procedural effect under subsection 5 *only* when it is obtained as a result of a scientific test administered contemporaneously with an arrest.