STATE of Maine

v.

Stavros MENDROS.

Supreme Judicial Court of Maine.

Submitted on Briefs Feb. 5, 1993.
Decided April 8, 1993.

R. Christopher Almy, Dist. Atty., Jeffrey Silverstein, Asst. Dist. Atty., Bangor, for the State.

Allan E. Lobozzo, William Maselli, Auburn, for defendant.

Before WATHEN, C.J., and GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

WATHEN, Chief Justice.

Defendant Stavros Mendros appeals his conviction for operating under the influence of intoxicating liquor in violation of 29 M.R.S.A. § 1312–B (Supp.1992)[1] entered after a jury-waived trial in Superior Court (Penobscot County, *Kravchuk, J.*). Defendant asks us to reinterpret the statute, claims insufficient evidence for a conviction, contends that the court committed obvious error in admitting a blood alcohol test result without adequate foundation, and challenges the statute's constitutionality as previously interpreted. We reject defendant's invitation to reinterpret the statute, and finding no constitutional defect or other error, we affirm the judgment.

Defendant was driving home after a fraternity function on Indian Island in the early morning of Dec. 21, 1991, when he was stopped by a Penobscot Indian Nation police officer who observed that his car had no license plate light. After smelling alcohol and observing that defendant had bloodshot and glassy eyes, the officer asked defendant to exit his car, then admin-

---

1. The statute provides:

A person is guilty of a criminal violation under this section if he operates or attempts to operate a motor vehicle:

   A. While under the influence of intoxicating liquor or drugs or a combination of liquor or drugs; or
   B. While having 0.08% or more by weight of alcohol in his blood.

29 M.R.S.A. § 1312–B(1) (Supp.1992).

istered three field sobriety tests to determine if defendant was operating under the influence of alcohol. The officer arrested defendant after judging that defendant made a number of errors on the sobriety tests. About 15 minutes later at the Orono Police Station, defendant was given an intoxilyzer test that indicated a blood alcohol level of .09 percent. At the trial, defendant testified that in the hours before his arrest he drank four beers and four drinks of an alcoholic mixture [2] between 8 p.m. and midnight, did not consume any alcohol for close to four hours, then gargled with a shot of 151 proof rum (said to be like straight alcohol) and had another drink of the alcoholic mixture immediately before driving his car. The court found him guilty of operating under the influence but found reasonable doubt whether he had an excessive blood alcohol level. This appeal followed.

■ Defendant contends that our reading of 29 M.R.S.A. § 1312–B to criminalize a person's operation of a motor vehicle when his physical or mental facilities are impaired by alcohol, however slightly, exceeds any rational relationship to public safety. *See State v. Bento*, 600 A.2d 1094, 1096 (Me.1991). He argues that the statute as interpreted conflicts with society's tolerance of some social drinking and with medical research showing that very slight alcohol consumption affects mental or physical faculties.

We have discerned a heightened legislative perception "that the public is endangered by persons who drive while under the influence of intoxicating liquor or drugs regardless of the extent of that influence.... Not only dangerous driving, but also creating a risk of dangerous driv-

ing, is to be penalized." *State v. Bean*, 430 A.2d 1109, 1111 (Me.1981). Defendant fails to present any compelling reason for us to reconsider our past decision. If, as defendant maintains, consuming even small amounts of alcohol impairs physical and mental performance, that fact does not undermine the rationale of the law as we have interpreted it.

■ In reviewing the sufficiency of the evidence supporting defendant's conviction, we view the evidence in favor of the State to determine whether the factfinder rationally could find every element of the offense beyond a reasonable doubt. *State v. Webber*, 613 A.2d 375, 377 (Me.1992). The officer's testimony of defendant's physical condition, defendant's poor performance on two of the three field sobriety tests administered by the officer, and defendant's testimony provide ample support for the court's finding.

■ Although the result of defendant's blood alcohol test was admitted without evidence that the officer was qualified or certified to administer the test or that the analyzer was certified, the test result was not necessary to the court's finding, and the court did not indicate that it relied on it. Because there was no objection at trial, we review for obvious error and find none.

Finally, defendant argues that 29 M.R.S.A. §§ 1312–B and 1312(5) (Supp. 1992) [3] violate state and federal due process because the statutorily authorized inferences contradict the "medical learning" that even small amounts of alcohol cause a driver to be slightly under the influence. The argument is without merit.

---

2. Defendant testified that the mixture called hooch is prepared by a hooch master and a serving equals one and one-half shots of liquor.

3. Blood-alcohol levels are relevant evidence below a level of .08 percent, in pertinent part as follows:

A. If there was, at the time alleged, 0.05% or less by weight of alcohol in the defendant's blood, it is prima facie evidence that the defendant was not under the influence of intoxicating liquor.

B. If there was, at the time alleged, in excess of 0.05%, but less than 0.08% by weight of alcohol in the defendant's blood, it is relevant evidence, but it is not to be given prima facie effect in indicating whether or not the defendant was under the influence of intoxicating liquor within the meaning of this section, but such fact may be considered with other competent evidence in determining whether or not the defendant was under the influence of intoxicating liquor.

29 M.R.S.A. § 1312(5) (Supp.1992).

The entry is:

Judgment affirmed.

All concurring.