2009 ME 91

**STATE of Maine**

v.

**Sean T. CONNOR.**

Supreme Judicial Court of Maine.

Submitted on Briefs: April 30, 2009.

Decided: Aug. 18, 2009.

Michael E. Povich, Dist. Atty., William B. Entwisle, Asst. Dist. Atty., Ellsworth, ME, for the State of Maine.

Wayne R. Foote, Esq., Bangor, ME, for Sean T. Connor.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, LEVY, and MEAD, JJ.

Majority: SAUFLEY, C.J., and ALEXANDER and MEAD, JJ.

Dissent: CLIFFORD, and LEVY, JJ.

ALEXANDER, J.

[¶ 1] Sean T. Connor appeals from a judgment entered after a conditional guilty plea pursuant to M.R.Crim. P. 11(a)(2) in the Superior Court (Hancock County, *Cuddy, J.*) on a complaint for operating under

the influence of intoxicants (Class D), 29-A M.R.S. § 2411(1-A)(A), (5)(A)(3)(a)(i) (2007).[1] Connor contends that the court hearing his motion to suppress (*Marden, J.*) erred in concluding that there was a reasonable, articulable suspicion to stop his vehicle and in denying his motion to suppress the evidence obtained as a result of the stop. We affirm the judgment.

## I. CASE HISTORY

[¶2] The record of the suppression hearing indicates that on the evening of October 29, 2007, officers of the Hancock County Sheriff's Department were in an area in Penobscot investigating reports about parties that involved underage drinking of alcoholic beverages. The officers came upon a large, loud party—"we could hear the party, we could hear the music." The party was apparently at a residence or around a residence on a gravel lane some distance from the main road when the officers initially began to investigate.

[¶3] As the officers moved up the lane toward the party, an officer heard a truck start up and saw a truck begin backing down the lane. While on a straight portion of the lane, the truck veered off the lane and went into a ditch. The truck then spun its wheels, moved forward out of the ditch, and "paused" in the middle of the lane, perhaps with its back-up lights on.

The officer was in plain clothes, but wearing a black vest with the word "Sheriff" on it. The officer approached the vehicle, displayed his badge, and asked the driver for identification. To this request, the driver responded "I don't f——— think so." The officer then opened the door of the truck.

[¶4] Connor was subsequently arrested and charged with operating a motor vehicle while under the influence of intoxicants. Connor filed a motion to suppress the evidence obtained as a result of the stop of his vehicle, asserting that the stop violated his Fourth Amendment rights because there was no reasonable, articulable suspicion justifying the stop.[2]

[¶5] After hearing the officer's testimony and the arguments of both parties, the court stated its findings and denied the motion to suppress. In the course of stating its findings the court permitted Connor's counsel to ask questions about the findings, and particularly whether the court was finding that the stop had occurred when the officer first displayed his badge or at the later time when the officer opened the door of the truck after Connor had used profanity in responding to the officer's request for identification.[3] The court also stated that "under those circumstances," with a vehicle leaving the party, it "would be reasonable suspicion to stop

---

1. Title 29-A M.R.S. § 2411(5) has since been amended. P.L. 2007, ch. 531, § 2 (effective Sept. 1, 2008) (codified at 29-A M.R.S. § 2411(5) (2008)).

2. Connor also challenged the stop on the grounds that the officer was not in uniform, which the court found to be a "non-issue." Connor does not raise the uniform issue in this appeal.

3. During the hearing on the motion to suppress, Connor argued that a seizure occurred at the time the officer approached his vehicle, identified himself as a police officer, and de-

manded Connor's identification. The State argued that a seizure did not occur until the officer opened the truck door and that Connor's use of profane language prior to the officer opening the door is another factor to be considered in determining whether there was reasonable articulable suspicion to stop Connor. Because the court concluded that reasonable, articulable suspicion existed on other grounds, it declined to rule on whether "a simple showing of the badge" to the defendant, when the officer did not order the vehicle to stop, constitutes a seizure pursuant to the Fourth Amendment.

every vehicle leaving that party" to check for underage drinking. Connor's counsel asked if "it would have been reasonable to stop any vehicle leaving the party on those facts." The court responded in the affirmative, concluding, "under those circumstances of this particular case where it appears to have been coming right from the location of that party, that it would have been, yes."

[¶ 6] Beyond questions that defense counsel asked of the court during the course of the court's stating its findings and conclusions, no motion for further findings was filed pursuant to M.R.Crim. P. 41A(d). Following denial of his motion to suppress, Connor entered a conditional plea to the operating under the influence charge. He then brought this appeal.

## II. LEGAL ANALYSIS

[¶ 7] In stating its reasoning for denial of the motion to suppress, the court repeatedly referenced "those facts" or "those circumstances of this particular case." When defense counsel asked hypothetically if the court believed the officers could have stopped "any vehicle leaving the party on those facts," the court responded affirmatively, referencing the circumstances "of this particular case." The record is ambiguous, the court's findings are extremely brief, and Connor did not ask the court to clarify whether its references to the circumstances of "this particular case" included consideration of Connor's operation of his truck. Connor made no motion for further findings pursuant to M.R.Crim. P. 41A(d) to clarify this ambiguity.[4]

[¶ 8] Rule 41A(d) directs courts to state their findings and conclusions in rul-

ing on each motion to suppress. It also recognizes that findings, stated orally at the conclusion of a contested hearing, may not always address with precision each issue that a party, with the clarity of hindsight, may deem important. Accordingly, the Rule invites parties to seek clarification of the court's findings on any issue by filing a motion for further findings and conclusions.

[¶ 9] On review after a hearing in which the court has stated its findings, and there has been no motion for further findings, we will infer that the court found all the facts necessary to support its judgment if those inferred findings are supportable by evidence in the record. *See State v. Izzo*, 623 A.2d 1277, 1280–81 (Me. 1993); *State v. Dodd*, 503 A.2d 1302, 1307 (Me.1986). In our review, we must consider the evidence, and reasonable inferences that may be drawn from the evidence, in the light most favorable to the trial court's judgment to determine if the evidence rationally supports the trial court's decision. *See State v. Drewry*, 2008 ME 76, ¶ 32, 946 A.2d 981, 991; *State v. Smen*, 2006 ME 40, ¶ 7, 895 A.2d 319, 321. In this review, we will not substitute our judgment as to the weight or credibility of the evidence for that of the fact-finder if there is evidence in the record to rationally support the trial court's result. *See State v. Moores*, 2006 ME 139, ¶ 7, 910 A.2d 373, 375. The trial court's findings in this case must be judged by this deferential standard of review.

[¶ 10] A stop is justified when an officer's assessment of the existence of specific and articulable facts indicating a

---

4. The relevant portions of M.R.Crim. P. 41 A(d) state:

    **(d) Order.** If the motion is granted, the court shall enter an order limiting the admissibility of the evidence according to law. If the motion is granted or denied, the court

shall make findings of fact and conclusions of law either on the record or in writing.

    If the court fails to make such findings and conclusions, a party may file a motion seeking compliance with the requirement.

possible violation of law or a public safety risk is objectively reasonable considering the totality of the circumstances. *State v. Burgess,* 2001 ME 117, ¶ 7, 776 A.2d 1223, 1227; *State v. Gulick,* 2000 ME 170, ¶¶ 12–13, 759 A.2d 1085, 1088.

■ [¶ 11] Here, the officer was investigating in the vicinity of a large, loud party where drinking of alcoholic beverages was likely occurring. He saw a truck back down a lane and then, on a straight section of the lane, veer off the lane and back into a ditch. He then saw the truck spin its wheels to get out of the ditch and stop in the middle of the lane. The officer then made the decision to approach the vehicle. The record supports a finding that, at this time, the officer had a reasonable, articulable suspicion of facts sufficient to support a belief that the vehicle operator might be impaired or ill, or that there might be some other problem with the vehicle that could create a risk to public safety or a violation of the law should the vehicle be allowed to proceed without inquiry.

[¶ 12] Based on what the officer had observed, the stop was fully appropriate. The trial court did not err in denying the motion to suppress.

The entry is:

Judgment affirmed.

CLIFFORD, J., with whom LEVY, J., joins, dissenting.

[¶ 13] I do not disagree that there was more than sufficient evidence presented by the State that would support the denial of Connor's motion to suppress the evidence of his intoxication. The findings recited by the court, however, made in response to Connor's specific request to the court for findings, and on which the court stated it was relying, in my view do not provide a sufficient basis to justify the stop. Accordingly, I respectfully dissent.

[¶ 14] At the suppression hearing, after listening to the officer's testimony and the arguments of both parties, the court found that the officer was in the area to determine whether any underage drinking was occurring, and that the officer viewed Connor's vehicle leaving a house that had "all the indicia of a party." The court did not make any further factual findings. The court concluded that under these circumstances, there "would be reasonable suspicion to stop every vehicle leaving that party to determine whether the person was underage and whether they had been drinking."

[¶ 15] Connor, however, then requested the court to clarify its conclusion, asking whether the court's finding "is that [the stop is] reasonable *because* it would have been reasonable to stop any vehicle leaving the party on those facts." (Emphasis added). Connor stated that he was making the request so that "[it] may be clear for the record." The Court's full response to Connor's request was "under those circumstances of this particular case where [the vehicle] appears to have been coming right from the location of that party, that it would have been, yes."

[¶ 16] Maine Rule of Criminal Procedure 41A(d) provides that, on ruling on a motion to suppress evidence, "the court shall make findings of fact and conclusions of law either on the record or in writing." The appellant's burden under Rule 41A(d) to ensure findings adequate for appellate review was expressed in *State v. Izzo,* 623 A.2d 1277, 1281 (Me.1993), as follows:

> Even though the obligation of the court under Rule 41A to provide findings of fact and conclusions of law is absolute rather than conditional, the party responsible for an adequate record, the appellant, has the burden to request the court to make findings if none are made, or to expand on inadequate findings in

order for the record to be meaningful for appellate review.

(quotation marks omitted). Connor fulfilled his obligation pursuant to Rule 41A(d) to request the court to expand on inadequate findings in order for the record to be meaningful for appellate review.

[¶ 17] The parties were aware of what was at issue in this case. Connor's attorney made a good faith request for further findings to determine on what facts the court was relying when it considered whether the stop was justified. The court made a specific finding in response to that request that made clear that it was relying on the fact that the truck was driving away from a party where underage drinking was suspected. The court made no mention of Connor's operation of the vehicle, and did not indicate that it was placing any reliance on the operation of the vehicle as contributing to the justification for the stop. The court was not required to accept all of the evidence presented at the suppression hearing. *See State v. Snow*, 513 A.2d 274, 277 (Me.1986). Pursuant to Rule 41A(d), our review of the court's ultimate determination as to whether there was reasonable articulable suspicion should therefore be based solely on the facts found by the court, if supported by competent evidence in the record.[5] *State v. Drown*, 2007 ME 142, ¶ 6, 937 A.2d 157, 159.

[¶ 18] The Fourth Amendment to the United States Constitution "protect[s] individuals from unreasonable intrusions by police officers and other governmental agents." *State v. Cusack*, 649 A.2d 16, 18 (Me.1994). An investigatory stop is not justified unless the officer has individualized suspicion that a person is engaged in criminal conduct. *See State v. Dean*, 645 A.2d 634, 635–36 (Me.1994). Although reasonable and articulable suspicion requires less proof than probable cause, "[t]he suspicion needs to be based on more than speculation or an unsubstantiated hunch." *State v. Eklund*, 2000 ME 175, ¶ 6, 760 A.2d 622, 624 (quotation marks omitted); *see also Dean*, 645 A.2d at 636 (stating that "[i]t is well-settled that a person's mere presence in a high crime area does not justify an investigatory stop"). That a person operates a vehicle outside of or near a bar, or late at night around the time that bars generally close, does not by itself amount to reasonable articulable suspicion, but can be considered by the officer in weighing the totality of the circumstances to determine whether reasonable articulable suspicion exists. *See State v. Richford*, 519 A.2d 193, 195 (Me.1986) (holding that an officer had reasonable articulable suspicion to stop the defendant who sat in a parked car outside of a bar at closing time, and whose physical movements indicated drowsiness or intoxication); *see also State v. Burnham*, 610 A.2d 733, 735 (Me.1992) (holding that, "[o]n the basis of the lateness of the hour, the unexplained weaving of the car, and the question of the [defendant's] speed," the officer's stop of the defendant was justified).

[¶ 19] Connor complied with Rule 41A(d) by requesting findings of fact. Those facts recited by the court in response to that request do not provide a sufficient basis to support a reasonable

---

**5.** It is the nature of suppression motion practice that facts are often found and the motion is decided from the bench, and that requests for further findings pursuant to M.R.Crim. P. 41 A(d) are also made orally and decided from the bench. To require parties to always file a written motion for further findings following the hearing on a motion to suppress will impose an unnecessary burden on the attorneys, and on the courts; will result in higher attorney fees; and will require formality where these motions have frequently been made in a more informal manner.

articulable suspicion to stop Connor's vehicle. Like the situation where a person is seen leaving a bar, or driving late at night around the time when the bars generally close, a person driving a vehicle from a party where underage drinking is suspected, by itself, does not amount to reasonable articulable suspicion that would justify an investigatory stop. *See Burnham*, 610 A.2d at 735; *Richford*, 519 A.2d at 195. In my view, the court erred by denying Connor's motion to suppress. I would vacate the conviction.