STATE OF MAINE                        UNIFIED CRIMINAL DOCKET
CUMBERLAND, ss.                       PORTLAND
                                      Docket No. CR-11-5783
                                      EMK - CUM- 12/19/2011

STATE OF MAINE          )
                        )
v.                      )             ORDER ON DEFENDANT'S MOTION
                        )             TO SUPPRESS EVIDENCE
                        )
MATTHEW CAMERON         )


    This matter came before the court on December 15, 211 for hearing on
Defendant's motion to suppress, dated September 9, 2011. Defendant appeared with his
attorney, Matthew Nichols. Assistant District Attorney Tracy Leadbetter represented the
State.

    Defendant is charged with operating under the influence on August 30, 2011. The
motion asserts that the police officer lacked reasonable articulable suspicion to stop
Defendant's vehicle, that there was no reasonable articulable suspicion to subject
Defendant to field sobriety testing, that Defendant's *Miranda* rights were violated, and
that his statements were involuntarily made. At the hearing, Attorney Nichols focused
Defendant's challenge on the constitutionality of the stop, and did not pursue the other
grounds asserted.

    The pertinent facts are as follows: At approximately 11:30 p.m. on August 30,
2011, Lieutenant Hutcheson of the Portland Police Department was driving up Market
Street near the Regency Hotel in Portland's Old Port. The officer was driving a Ford
Expedition EL, an oversized SUV equipped with police lights and clearly marked as a
police vehicle.

    Lieutenant Hutcheson testified that while he was in his vehicle he observed
Defendant walking down Market Street. Defendant appeared to be staggering. The
Lieutenant testified that Defendant was walking in a staggering manner, "not a normal
walking gait," such that the Lieutenant believed him to be inebriated. The Lieutenant
observed Defendant walk to a parked truck and open and shut the driver's side door. He
saw Defendant stagger around to the passenger side, letting in a female passenger. He
then observed the truck come out from Market Street and make a left onto Middle Street.
The Lieutenant made a u-turn on Middle and proceeded to follow the truck. He was
aware that at that time of night it is primarily drinking establishments and restaurants that
are open in the Old Port. Based on his observation of Defendant's staggering gait
considered in the totality of the circumstances, the Lieutenant decided to effect a stop, as
he was concerned that Defendant was driving while under the influence of alcohol. He
did not engage his flashing blue lights on Middle Street, however, but waited until
Defendant made a right turn from Union onto Fore Street before pulling him over.
Lieutenant Hutcheson testified that he waited until that moment before stopping

Defendant's vehicle because the roadside and traffic conditions on Fore Street were more conducive to field sobriety testing. The Lieutenant noted that Defendant had failed to signal when he turned right onto Fore Street, but added that Defendant's failure to utilize his turn signal did not factor into his decision to stop Defendant's vehicle, a decision he had made upon seeing Defendant take the wheel after staggering down the street toward his truck.

The standard governing automotive stops is well-established: "[A] police officer must have an objectively reasonable, articulable suspicion that either criminal conduct, a civil violation, or a threat to public safety has occurred, is occurring, or is about to occur. The officer's suspicion that any of these circumstances exist must be objectively reasonable in the totality of the circumstances." *See, e.g., State v. Porter*, 2008 ME 175, ¶ 8, 960 A.2d 321, 323 (citing *State v. Sylvain*, 2003 ME 5, ¶ 11, 814 A.2d 984, 987).

Applying this standard, the court concludes that Lieutenant Hutcheson had reasonable, articulable suspicion to stop Defendant's vehicle. Rather than acting on mere speculation, *see id.* at ¶ 11, 960 A.2d at 323 (noting that "[t]he only requirement we have imposed on the reasonable articulable suspicion standard is that an officer's suspicion be more than mere speculation or an unsubstantiated hunch"), the Lieutenant's observations were such as would lead a reasonable police officer to suspect that the vehicle was being operated by an impaired driver. The court finds credible Lieutenant Hutcheson's testimony that he saw Defendant staggering toward his truck in a manner suggestive of intoxication. While defense counsel is correct in noting that an uneven gait is not necessarily indicative of intoxication, and could instead be attributable to a neurological disorder or other such medical condition, the Fourth Amendment does not require proof of alcohol-impairment to a certainty, near-certainty, or even a preponderance of the evidence. *See, e.g., State v. Porter*, 2008 ME 175, ¶ 9, 960 A.2d 321, 323. Rather, a stop passes constitutional muster so long as under the totality of the circumstances there was a sufficient basis for a law enforcement officer to have a reasonable and articulable suspicion that Defendant was driving under the influence. *Id.* ("The suspicion need only be more than speculation or an unsubstantiated hunch").

An officer may not stop a motorist simply because he is driving near a bar late at night, however, those facts are part of the totality of the circumstances that an officer may take into account. *See, e.g., State v. Connor*, 2009 ME 91, 977 A.2d 1003 (upholding finding of reasonable articulable suspicion where officer, who "was investigating in the vicinity of a large, loud party where drinking of alcoholic beverages was likely occurring" saw a truck veer off the lane into a ditch); *Connor, id.* at ¶ 18 (Clifford, J., with Levy, J., dissenting) ("That a person operates a vehicle outside of or near a bar, or late at night around the time that bars generally close, does not by itself amount to reasonable articulable suspicion, but can be considered by the officer in weighing the totality of the circumstances to determine whether reasonable articulable suspicion exists") (citing *State v. Richford*, 519 A.2d 193, 195 (Me. 1986); *State v. Burnham*, 610 A.2d 733, 735 (Me. 1992)).

The court finds that Lieutenant Hutcheson made the stop because he observed Defendant stagger down the street toward his truck moments before Defendant drove away in that truck. Given the lateness of the hour, and aware of the proximity of a plenitude of drinking establishments open and serving at that time in the Old Port, a law enforcement officer observing Defendant staggering toward his truck before driving it would have a reasonable articulable suspicion of impairment sufficient to warrant a stop. Accordingly, the court finds that the reasonable articulable suspicion standard was met before the stop was effected on Fore Street.[1]

Accordingly, because none of Defendant's grounds for suppression have merit, Defendant's motion to suppress is denied in its entirety.

DATED: ___12/19/2011___     _C. Mary Kelly_____

                                    E. Mary Kelly
                                    Judge, Unified Criminal Docket

---

[1] Lieutenant Hutcheson testified that he did not factor Defendant's failure to signal into his decision, and the State argued, that the stop occurred at the time the Lieutenant formulated his decision to stop Defendant's vehicle. The court agrees with Defendant that the operative moment is the moment of the stop, as a motorist's Fourth Amendment interests are not implicated until he is "seized." *See State v. Cilley*, 1998 ME 34, ¶ 7, 707 A.2d 79, 82 ("whether a Fourth Amendment seizure has occurred requires an objective analysis, and a law enforcement officer's uncommunicated, subjective intent to detain a citizen is not relevant to determining whether a seizure has occurred"). Resolution of this issue, however, is not determinative to the analysis, since the court finds in any event that Lieutenant Hutcheson had reasonable articulable suspicion to stop Defendant's vehicle without taking Defendant's failure to signal his turn onto Fore Street into account.

STATE OF MAINE
 vs
MATTHEW CAMERON
185 NEW PORTLAND ROAD
GORHAM ME 04038

DOB: 08/31/1976
Attorney: MATTHEW NICHOLS
         NICHOLS WEBB & LORANGER PA
         477 CONGRESS ST., SUITE 800
         PORTLAND ME 04101
         RETAINED 09/13/2011

Docket No  CUMCD-CR-2011-05783

**DOCKET RECORD**

State's Attorney: STEPHANIE ANDERSON

## Charge(s)

1   OPERATING UNDER THE INFLUENCE              08/30/2011 PORTLAND
Seq 11493 29-A  2411(1-A)(A)       Class D
  NEY                 / POR

2   OPERATING UNDER THE INFLUENCE              08/30/2011 PORTLAND
Seq 11493 29-A  2411(1-A)(A)       Class D  Charged with COMPLAINT on Suppleme
  NEY                 / POR

## Docket Events:

09/02/2011 FILING DOCUMENT -  NON CASH BAIL BOND FILED ON 08/31/2011

09/02/2011 Charge(s): 1
          HEARING -  ARRAIGNMENT SCHEDULED FOR 09/29/2011 at 08:30 a.m. in Room No.  1

          NOTICE TO PARTIES/COUNSEL
09/02/2011 BAIL BOND - $2,500.00 UNSECURED BAIL BOND FILED ON 08/31/2011

          Bail Amt:  $2,500
          Date Bailed: 08/31/2011
          #636
09/13/2011 Party(s):  MATTHEW CAMERON
          ATTORNEY -  RETAINED ENTERED ON 09/13/2011

          Attorney:  MATTHEW NICHOLS
09/22/2011 Charge(s): 1,2
          SUPPLEMENTAL FILING -  COMPLAINT FILED ON 09/19/2011
          JAMES  TURCOTTE , ASSISTANT CLERK
09/29/2011 Charge(s): 1
          HEARING -  ARRAIGNMENT WAIVED ON 09/29/2011

09/29/2011 Charge(s): 1,2
          PLEA -  NOT GUILTY ENTERED BY COUNSEL ON 09/29/2011

          Attorney:  MATTHEW NICHOLS
09/29/2011 HEARING -  DISPOSITIONAL CONFERENCE SCHEDULED FOR 12/07/2011 at 01:00 p.m. in Room No.  7

09/29/2011 HEARING -  DISPOSITIONAL CONFERENCE NOTICE SENT ON 11/22/2011

09/29/2011 Charge(s): 1,2
          CR_200            Page  1  of  2                    Printed on: 12/19/2011

TRIAL - JURY TRIAL SCHEDULED FOR 01/09/2012 at 08:30 a.m. in Room No. 11

NOTICE TO PARTIES/COUNSEL
12/07/2011 HEARING - DISPOSITIONAL CONFERENCE HELD ON 12/07/2011
THOMAS D WARREN , JUSTICE
Attorney: MATTHEW NICHOLS
DA: TRACY LEADBETTER
Defendant Present in Court

UNRESOLVED
12/07/2011 MOTION - MOTION EXPERT WITNESS REPORT FILED BY DEFENDANT ON 12/07/2011

12/07/2011 MOTION - MOTION EXPERT WITNESS REPORT MOOT ON 12/07/2011

DEF ATTY HAS NEEDED INFORMATION
12/07/2011 Charge(s): 1,2
MOTION - MOTION TO SUPPRESS FILED BY DEFENDANT ON 12/07/2011

12/07/2011 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 12/15/2011 at 01:00 p.m. in Room No. 8

NOTICE TO PARTIES/COUNSEL
12/07/2011 HEARING - MOTION TO SUPPRESS NOTICE SENT ON 12/07/2011

12/15/2011 HEARING - MOTION TO SUPPRESS HELD ON 12/15/2011
MARY KELLY , JUDGE
Attorney: MATTHEW NICHOLS
DA: TRACY LEADBETTER
Defendant Present in Court

TAPE# 3432 INDEX 4110-4966                                    STATE WITNESS
(1) LIEUTENANT GARY HUTCHESON PORTLAND PD          FILE W/ JUDGE KELLEY IN
CHAMBERS
12/15/2011 Charge(s): 1,2
MOTION - MOTION TO SUPPRESS UNDER ADVISEMENT ON 12/15/2011
MARY KELLY , JUDGE
12/19/2011 ORDER - COURT ORDER FILED ON 12/19/2011
MARY KELLY , JUDGE
ORDER ON MOTION TO SUPPRESS
12/19/2011 Charge(s): 1,2
MOTION - MOTION TO SUPPRESS DENIED ON 12/19/2011

COPY TO PARTIES/COUNSEL

A TRUE COPY
ATTEST: _____
                    Clerk