STATE OF MAINE                                    UNIFIED CRIMINAL DOCKET
KENNEBEC, SS.                                     AUGUSTA
                                                 DOCKET NO. CR-19-214


STATE OF MAINE

V.                               **DECISION ON MOTION TO SUPPRESS**

WILLIAM L. CLARDY


## INTRODUCTION

Before the court is the Defendant's Motion to Suppress Stop dated April 2, 2019. Hearing on the motion was held on August 6, 2019, at which the court received the testimony of Trooper Hunter Belanger. The court also admitted into evidence, without objection, Exhibit 1 being the video from Trooper Belanger's cruiser that recorded the stop and the minutes leading up to it, when the trooper began following Mr. Clardy's vehicle.

The court has viewed Exhibit 1 multiple times. Based on the evidence presented at the hearing, the court makes the following factual findings.

## FACTS

On December 16, 2018, at approximately midnight, Trooper Belanger was on patrol and stopped along Water Street in Hallowell in his marked cruiser. He saw the Defendant's (Clardy's) vehicle pull out of the waterfront parking lot, turn right and head towards Augusta. Nothing about the way the vehicle pulled out caused Trooper Belanger to be suspicious, but he was aware that there are establishments along Water Street that offer alcoholic beverages for sale at that hour. Exhibit 1, the cruiser camera video, shows Trooper Belanger pulling out and heading in the

direction of the Clardy vehicle. At approximately 59 seconds into the video, Clardy's vehicle can be seen drifting to the left and "touching" the yellow center line. An instant later, Clardy's vehicle "cuts" back into its lane, and the headlights of two on-coming vehicles can be seen approaching.

Trooper Belanger can be heard describing what he saw as he was observing it: "vehicle just drifts over, hits the yellow line, and cuts back into the lane." In the court's view, while the touching of the yellow center line and the "jerk" back to the right into the travel lane, were slight and quick, they were clearly observable. The court found Trooper Belanger credible when he explained how his actual vision of an incident can be better than what can be observed on the video.

Another 30 seconds later or so later, the trooper saw Clardy's vehicle cross over the double yellow lines of a turning lane. This incident is very clearly seen on Exhibit 1, and involved both left tires crossing over and into the turning lane. At that point, Trooper Belanger initiated a stop of Clardy's vehicle, which is the subject of this motion to suppress.

## DISCUSSION

Clardy contends that Trooper Belanger's stop of his vehicle was illegal, because it was not supported by any reasonable and articulable suspicion. In particular, Clardy cites *State v. Caron*, 534 A.2d 978 (Me. 1987), as support for his claim that the trooper's observation of a slight touching of the yellow center line did not constitute reasonable, articulable suspicion.

The Law Court has recently reaffirmed that "[a] stop is justified when an officer's assessment of the existence of specific and articulable facts indicating a possible violation of law or a public safety risk is objectively reasonable considering the totality of the circumstances." *State v. Simmons,* 2016 ME ME 91, ¶ 9, *quoting State v. Connor,* 2009 ME 91, ¶ 10, 977 A.2d 1003. "[T]he threshold for demonstrating an objectively reasonable suspicion necessary to justify a vehicle stop

2

is low . . . . The suspicion need only be more than a speculation or an unsubstantiated hunch." *State v. LaForge,* 2012 ME 65, ¶ 10, 43 A.3d 961. "Safety reasons alone can be sufficient if they are based upon 'specific and articulable facts'" *State v. Pinkham,* 565 A.2d 318, 319 (Me. 1989). *See State v. Fuller,* 556 A.2d 224 (Me. 1989) (blinking headlights which officer believed were possibly defective justified stop).

The *Caron* case involved a single straddle of the center line. The Court made a point that there were no oncoming vehicles. Here, the drifting of Clardy's vehicle did coincide with the approach of oncoming traffic. One may infer that Clardy himself recognized a potential safety concern as evidenced by his clearly observable "cut" or "jerk" back into his travel lane. The concern is also evidenced by Trooper Belanger's verbal description of what he saw as he was seeing it. A short time later, Clardy's vehicle crossed the double yellow lines of a turning lane, before moving back into its own lane of travel.

Based on these incidents, and considering the time of night, Trooper Belanger had an objectively reasonable suspicion, based on articulable facts, that Clardy's operation of the vehicle constituted lane violations and posed a potential public safety risk. *See, e.g., State v. Cusack,* 649 A.2d 16, 18-19 (Me. 1994); *State v. Burnham,* 610 A.2d 733, 735 (Me. 1992).

The Defendant's motion to suppress is DENIED.

Dated: August 19, 2019

William R. Stokes
Justice, Superior Court