STATE of Maine,

v.

William SHACKELFORD.

Supreme Judicial Court of Maine.

Argued Sept. 22, 1993.
Decided Dec. 14, 1993.

David W. Crook, Dist. Atty., Alan P. Kelley (orally), Deputy Dist. Atty., Augusta, for the State.

John D. Pelletier (orally), Goodspeed & O'Donnell, Augusta, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

GLASSMAN, Justice.

By this appeal William Shackelford challenges both the judgment entered in the Superior Court (Kennebec County, *Alexander, J.*) on a jury verdict finding him guilty of robbery[1] in violation of 17–A M.R.S.A.

---

1. Shackelford was also found guilty of receiving stolen property in violation of 17–A M.R.S.A.

§ 651(1)(C) (1983)[2] and the sentence imposed on that charge. We affirm the judgment and vacate the sentence.

The record reflects the following: On December 23, 1990 at approximately 7:00 p.m. the sixty-two-year-old female victim was approached in a parking lot in Augusta by Shackelford who was carrying a gun. Shackelford pointed the gun at the victim and told her to get into his car. The victim screamed for help. While struggling with Shackelford, she detected an odor of alcohol on his breath. Shackelford pushed her to the ground, took her pocketbook containing $240 and other personal items, got in a car and drove away.

Shackelford was arrested on December 26, 1990 for operating a motor vehicle while under the influence of intoxicating liquor (OUI) in violation of 29 M.R.S.A. § 1312–B (Pamph. 1992). Following his arrest, and pursuant to a warrant authorizing the search of Shackelford's residence, the police seized a .44 Magnum Smith and Wesson revolver that had been reported as stolen. The victim identified the gun as similar to the one carried by Shackelford at the time of the robbery. The victim was unable to identify her assailant in a photographic lineup.

Thereafter, when Shackelford appeared in the courthouse on December 27, 1990, and prior to his entry into any courtroom to respond, *inter alia*, to the charge of theft of the gun, he was positively identified by the victim. The victim believed her accompanying officer had brought her to the courthouse for further questioning. Shackelford was dressed in civilian clothes, was not handcuffed and was accompanied by officers dressed in civilian clothes. The officer accompanying the victim testified that sixty-seven people walked by the site where he and the victim were waiting prior to her identification of Shackelford. After a hearing, the trial court denied Shackelford's motion to suppress any evidence of the victim's identification of him.

In response to Shackelford's motion in limine on the morning of the trial to exclude from the trial any evidence of his intoxication at the time of his arrest for OUI, the court prohibited mention of the charge that Shackelford had eluded the police officer but allowed the evidence of his intoxication at that time to explain why the vehicle operated by Shackelford on December 26, 1990 had been stopped. Following the entry of a judgment on the jury's verdict finding Shackelford guilty of the charged offense of robbery, the court sentenced Shackelford to forty years of imprisonment with all suspended except twenty-five years and probation for a period of six years, and Shackelford appeals.[3]

█ Shackelford first contends that the trial court erred by denying his motion to suppress evidence of the victim's identification of him. Shackelford does not contend that the identification was unduly suggestive. Rather, he argues, as he did before the trial court, that the identification procedure violated his right to counsel as guaranteed by the Sixth Amendment to the United States Constitution.[4]

In *Gilbert v. California*, 388 U.S. 263, 273, 87 S.Ct. 1951, 1957, 18 L.Ed.2d 1178 (1967), the Supreme Court held that a per se exclusionary rule applies to an identification that

---

§ 359 (1983), and the court imposed a sentence of five years to run concurrently with the sentence imposed on the robbery conviction. He entered a plea of guilty to the charge of eluding a police officer in violation of 29 M.R.S.A. § 2501–A (Pamph.1992). The court imposed a sentence of five years to run concurrently with the sentences imposed on the other two convictions. He does not challenge the judgments entered on those convictions or the sentences imposed.

2. Robbery with the use of physical force is a Class A offense. 17–A M.R.S.A. § 651(2). By P.L.1987, ch. 808, § 1 (effective July 1, 1989), 17–A M.R.S.A. § 1252(2)(A) was amended to increase the maximum sentence that could be imposed for a Class A crime from twenty years to forty years.

3. Pursuant to 15 M.R.S.A. § 2154 (Supp.1992), Shackelford's application for appeal of his sentence imposed on the robbery charge was granted by the Sentence Review Panel.

4. The Sixth Amendment provides in pertinent part that "[i]n all criminal prosecutions, the accused shall ... have the Assistance of Counsel for his defence." U.S. Const. amend. VI. We do not address Shackelford's contention raised for the first time by this appeal that the identification also violated Art. I, § 6 of the Maine Constitution.

has as its source an unconstitutional identification. In the later case of *Kirby v. Illinois*, 406 U.S. 682, 689, 92 S.Ct. 1877, 1882, 32 L.Ed.2d 411 (1972), the Court explained that the right to counsel attaches "at or after the initiation of adversary judicial criminal proceedings—whether by way of formal charge, preliminary hearing, indictment, information or arraignment" and declined to apply the exclusionary rule to an identification made after an arrest but prior to an indictment.

■ In the instant case, at the time of the identification, Shackelford had been charged with OUI, eluding an officer and receiving stolen property, but had not been charged for the unrelated offense of robbery for which the identification was sought. As stated by the Supreme Court in *McNeil v. Wisconsin,* —— U.S. ——, ——, 111 S.Ct. 2204, 2207, 115 L.Ed.2d 158, 166 (1991), "The Sixth Amendment right ... is offense-specific. It cannot be invoked ... for all future prosecutions, for it does not attach until a prosecution is commenced...." Accordingly, the trial court properly denied Shackelford's motion to exclude evidence of the victim's identification of him.

■ We find no merit in Shackelford's contentions that the trial court erred in its ruling on his motion in limine relating to the time of his arrest on December 26, 1990 or in the admission of the photocopy of the identi-kit composition made of Shackelford based on the victim's description of her assailant. Nor do we agree with Shackelford that he is entitled to a new trial based on his contention that the final argument by the State violated the trial court's ruling on Shackelford's motion in limine. Shackelford neither objected to the contents of the argument, nor asked that the presently challenged portion be stricken, nor requested a curative instruction by the court. Based on our examination of the entire record with relation to the argument, we cannot say that the error, if any, rose to the magnitude of an obvious error depriving Shackelford of a fair trial. *See State v. Hinds*, 485 A.2d 231, 237 (Me.1984) (when defendant fails to assert a timely objection to allegedly improper argument by the State, we review for obvious error). *See also* M.R.Crim.P. 52(b).

Shackelford finally contends that the sentence imposed on him by the trial court on October 31, 1991 constitutes a misapplication of principle. He argues, *inter alia*, that the court did not observe the sentencing framework set forth in *State v. Hewey*, 622 A.2d 1151 (Me.1993). The State argues that despite the fact the trial court did not have the benefit of the *Hewey* decision at the time of sentencing, the sentence imposed complies with the guidelines set forth by this court. We disagree.

In *State v. Lewis*, 590 A.2d 149 (Me.1991), decided some months prior to the imposition of the instant sentence, we discussed at length the purpose and intent of the Legislature in effecting the change, as codified in 17-A M.R.S.A. § 1252(2)(A) (Supp.1992), that increased the statutory maximum sentence that could be imposed for a Class A offense from twenty to forty years. We noted that based on the legislative history it was the legislative intent that there be two discrete ranges of sentences for Class A offenses and that the statutory maximum sentence in the expanded range of twenty to forty years would be imposed only if the offense is among "the most heinous and violent crimes that are committed against a person." *Id.* at 151 (citation omitted).

■ In *Hewey*, we clarified the three steps in the sentencing process and defined the standard of review applicable to each step. *State v. Hewey*, 622 A.2d at 1154–55. Inherent in the first step in that process is the determination of the *statutory* maximum sentence that can be imposed for a Class A offense, that is, whether twenty years or the extended range of forty years, *State v. Lewis*, 590 A.2d at 151, and fixing the basic period of incarceration within that limit. That initial determination is based solely on the nature and seriousness of the offense without consideration of the circumstances of the offender. *State v. Hewey*, 622 A.2d at 1154. It is only as a part of the second step of the process that the circumstances of the particular defendant are considered to determine the maximum period of incarceration imposed by the court. However, the particular circumstances of the offender or other cir-

cumstances unrelated to the nature and seriousness of the offense cannot elevate the maximum period of incarceration imposed by the court beyond the *statutory* maximum sentence for that particular Class A offense. *See State v. Hawkins,* 633 A.2d 78, 79 (Me. 1993) (maximum period of incarceration imposed by court cannot exceed twenty years when crime itself not within extended range of twenty to forty years).

 In reviewing a sentence for misapplication of principle, we scrutinize the suspended as well as the unsuspended portions of the sentence imposed by the trial court. *State v. Lilley,* 624 A.2d 935, 936 (Me.1993). The sentence imposed in this case was the statutory maximum of forty years allowed for any Class A offense. In its determination that the extended limit was applicable, the court did not apply the learning of *Lewis* but impermissibly based its decision in part on the prior criminal record of the defendant.[5] This is a misapplication of principle. Shackelford's past criminal record is not a factor in the determination of whether the statutory maximum sentence that *can be* imposed is twenty years or the extended limit of forty years. Rather, this is a factor for the court's consideration as an aggravating circumstance of this particular defendant in its determination of whether the court's predetermined basic period of incarceration should be increased by such aggravating factors in arriving at the maximum period of incarceration that will be imposed by the court.

The entry is:

Judgment affirmed. Sentence vacated.

Remanded to the Superior Court for resentencing.

All concurring.

---

5. The trial court stated:

I think in terms of the nature of the offense, what we have therefore is ... a person *with a long prior record* who engages in a crime of violence which could have caused death—using a firearm against a person....

In terms of ... looking at the seriousness of the offense, it's difficult for me to think of an offense which by itself in a robbery charge could be much more serious, *combined with the defendant's prior history....*

....

The sentence I would impose is 40 years to the Department of Corrections, which is the maximum allowable under the law on the robbery charge. (Emphasis added).