STATE of Maine

v.

William SHACKELFORD.

Supreme Judicial Court of Maine.

Submitted on Briefs Feb. 21, 1996.

Decided March 5, 1996.

David W. Crook, District Attorney, Alan P. Kelley, Deputy District Attorney, Augusta, Maine, for the State.

John D. Pelletier, Goodspeed & O'Donnell, Augusta, Maine, for the Defendant.

1. 17–A M.R.S.A. § 651(1)(C) (1983).

2. 17–A M.R.S.A. § 359 (1983).

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, and DANA, JJ.

RUDMAN, Justice.

William Shackelford challenges by direct appeal to this court the legality of the sentence imposed upon him by the Superior Court (Kennebec County, *Alexander, J.*) after we vacated Shackelford's original sentence imposed as a result of his conviction for robbery[1] and remanded for resentencing. Shackelford argues that the court, in ordering a consecutive sentence on his robbery conviction at resentencing, illegally altered his sentences for receiving stolen property[2] and eluding police.[3] We agree.

On October 31, 1991, William Shackelford was adjudged guilty of robbery, receiving stolen property, and eluding a police officer. He was sentenced to a term of imprisonment of 40 years with all but 25 years suspended on the robbery conviction and five years for each of the other charges concurrent with the sentence for robbery. On appeal, Shackelford challenged the judgment entered in the Superior Court (Kennebec County, *Alexander, J.*) on the jury verdict finding him guilty of robbery and the sentence imposed on that conviction. We affirmed the judgment of conviction but vacated the sentence and remanded to the Superior Court for resentencing. *State v. Shackelford*, 634 A.2d 1292, 1296 (Me.1993). On remand the court resentenced Shackelford, imposing a sentence of 20 years on the robbery conviction to be served consecutive to, rather than concurrent with, the five-year sentences which had been imposed upon him for receiving stolen property and eluding the police.

Shackelford argues that he originally appealed only his robbery conviction and the sentence imposed thereon and that the court exceeded its authority when it imposed a consecutive sentence on the robbery conviction rather than a concurrent sentence as it originally had done. The State contends that the court in resentencing has full authority pursuant to 17–A M.R.S.A. § 1256(2)(A)–(D)

3. 29 M.R.S.A. § 2501–A (repealed effective Jan. 1, 1995).

(1983 & Supp.1995)[4] to impose any sentence within the statute's discretionary guidelines, whether concurrent or consecutive "to any other sentence previously imposed."

The statutes authorizing sentencing include no definition of what constitutes a "sentence." 17–A M.R.S.A. §§ 1251–1257 (1983 & Supp.1995). Our rules of criminal procedure, however, do. By definition a "sentence" is more than a time period of incarceration; a sentence also incorporates a relationship with any other sentences imposed on the defendant. M.R.Crim.P. 35(d).[5] The court has the statutory responsibility for ordering in each sentence whether that sentence will run concurrently or consecutively with other sentences imposed on the defendant. 17–A M.R.S.A. § 1256(2) (1983 & Supp.1995). Shackelford's sentences for receiving stolen goods and for eluding police were ordered by the court to be concurrent with his sentence for robbery. By the court's order, therefore, Shackelford's two sentences for receiving and eluding were imposed so as to add to his incarceration no additional time beyond that imposed by his sentence for robbery. Pursuant to M.R.Crim.P. 35(d), this condition of concurrence, of no additional incarceration time added, is as much a component of Shackelford's sentences for receiving and eluding as is their five-year duration.

The concurrent sentencing relationship ordered by the court is, in the language of abstract algebra, a symmetric relation.

Shackelford's sentences for receiving and eluding can be concurrent with his sentence for robbery if and only if his sentence for robbery is concurrent with his sentences for receiving and eluding. Changing Shackelford's sentence for robbery to make it consecutive rather than concurrent automatically makes Shackelford's sentences for receiving and eluding no longer concurrent with his robbery sentence.

The question becomes, then, whether the court could on remand make such a change in the terms of Shackelford's sentences for receiving stolen property and eluding the police. As we noted in *Shackelford I*, 634 A.2d at 1293 n. 1, Shackelford challenged neither the judgments entered on his convictions for receiving stolen property and eluding a police officer nor the sentences imposed thereon. Shackelford appealed only his robbery conviction and the sentence imposed thereon. We vacated only the robbery sentence. We did not, as we did in *State v. Bunker*, 436 A.2d 413, 419 (Me.1981), vacate all of the sentences imposed.

The sentencing court acted outside its authority to revise sentences by effecting the *de facto* changes in Shackelford's sentences for receiving stolen property and eluding police, which were not open for review. That portion of Shackelford's sentence making the sentence consecutive to sentences imposed on his convictions for the other crimes cannot stand. We therefore order that Shackelford's sentence be modified to provide that

4. 17–A M.R.S.A. § 1256 (1983 & Supp.1995) provides in pertinent part:

> 2. In all [cases not involving crimes against institution staff during an undischarged term of imprisonment], the court shall state in the sentence of imprisonment whether a sentence shall be served concurrently with or consecutively to any other sentence previously imposed or to another sentence imposed on the same date. The sentences shall be concurrent unless, in considering the following factors, the court decides to impose sentences consecutively:
> > A. That the convictions are for offenses based on different conduct or arising from different criminal episodes;
> > B. That the defendant was under a previously imposed suspended or unsuspended sentence and was on probation, under incarceration or on a release program at the time the person committed a subsequent offense;

> > C. That the defendant had been released on bail when that person committed a subsequent offense, either pending trial of a previously committed offense or pending the appeal of previous conviction; or
> > D. That the seriousness of the criminal conduct involved in either a single criminal episode or in multiple criminal episodes or the seriousness of the criminal record of the convicted person, or both, require a sentence of imprisonment in excess of the maximum available for the most serious offense.

5. M.R.Crim.P. 35(d) provides in pertinent part:

> **(d) Definitions.** A sentence is the entire order of disposition, including conditions of probation, suspension of sentence, and whether it is to be served concurrently with, or consecutively to, another sentence.

he be sentenced for a term of 20 years concurrent with the sentences imposed upon him for receiving stolen goods and eluding a police officer.

The entry is:

Remanded to the Superior Court for modification of its sentence to provide that the sentence for robbery will be served concurrently with the other sentences imposed. As so modified, the sentence is affirmed.

All concurring.