2007 ME 142

**STATE of Maine**

v.

**Peter A. DROWN Jr.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Sept. 27, 2007.

Decided: Nov. 13, 2007.

G. Steven Rowe, Attorney General, James M. Cameron AAG, David Fisher, AAG, Augusta, ME, for the State.

Richard S. Berne, Esq., Berne & Bishoff, Tina Schneider, Esq., St. Portland, ME, for the defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, LEVY, SILVER, and MEAD, JJ.

CLIFFORD, J.

[¶ 1] Peter A. Drown Jr. appeals from a judgment of conviction for unlawfully furnishing a schedule W drug (Class C), 17–A M.R.S. § 1106(1–A)(A) (2006), entered on his conditional guilty plea in the Superior Court (Androscoggin County, *Gorman, J.*). Drown contends that the court erred in denying his motion to suppress evidence obtained in a motor home search. We affirm the judgment.

## I. BACKGROUND

[¶ 2] By two joined indictments, Drown was charged in the Superior Court with nine criminal counts: (1) conspiracy to traffick in scheduled drugs (Class B), 17–A M.R.S. §§ 151(1)(B), 1103(1–A)(A), 1105–A(1)(B)(1) (2006); (2) unlawful possession of scheduled drugs (Class C), 17–A M.R.S. § 1107–A(1)(B)(2) (2006); (3) unlawful possession of scheduled drugs (Class D), 17–A M.R.S. § 1107–A(1)(C) (2006); (4) illegal possession of hypodermic apparatuses (Class D), 17–A M.R.S. § 1111(1) (2006);

and (5) five counts of aggravated trafficking in scheduled drugs (Class A), 17–A M.R.S. §§ 1103(1–A)(A), 1105–A(1)(B)(1). Drown initially pleaded not guilty to all counts.

[¶ 3] Drown moved to suppress all evidence obtained from a search of a motor home that occurred on August 6, 2004, arguing that the search was conducted in the absence of a warrant and without probable cause. Following a suppression hearing, the court made the following findings, which are supported by competent evidence in the record. In July of 2004, Maine Drug Enforcement agents obtained a warrant to search premises located at 137 Goding Road in Livermore, based on their belief, following a seven-month investigation, that Drown and others were engaged in selling cocaine from that location. They executed that search warrant on the evening of July 30, 2004, and seized a number of drug-related items.[1]

[¶ 4] Agents returned to the scene on August 6, 2004, to execute arrest warrants for Drown, Calvin Mitchell, and Mark Drown, Drown's brother. Three individuals were present when the agents entered the property. One was Mitchell, whom the agents arrested. Another was Peter Drown Sr., Peter and Mark Drown's father, who told the agents that neither Peter nor Mark was present. As the agents were accompanying the third individual to obtain his identification, however, one agent yelled, "[t]here goes Peter," as a man matching Drown's description was spotted "at a dead run" running from the motor home on the property and heading toward the woods. Agents pursued the fleeing man into the woods, but returned after approximately fifteen minutes without having found him. They then entered

---

1. Drown's motion to suppress the evidence seized in the July 30, 2004, search was denied by the Superior Court. Drown has not challenged that ruling in this appeal.

the motor home from which the fleeing man had come, where they found no people, but did find more drug-related items. Drown was not arrested at that time.

[¶ 5] The suppression court denied Drown's motion to suppress the evidence obtained from the motor home, concluding that Drown lacked standing to contest the motor home search, and that the search fell within the protective sweep and automobile exceptions to the requirement of a warrant. Pursuant to M.R.Crim. P. 11(a)(2), Drown pleaded guilty to one count of unlawfully furnishing a schedule W drug (Class C), 17–A M.R.S. § 1106(1–A)(A), in exchange for the State's dismissal of all other charges, and on the condition of preserving for appellate review the court's denial of his motion to suppress. The court sentenced Drown to five years incarceration with all but one year suspended, two years probation, and a $1000 fine. Drown then filed this appeal.

## II. DISCUSSION

[¶ 6] Drown challenges the court's denial of his motion to suppress the evidence obtained from the August 6, 2004, motor home search pursuant to the United States and Maine Constitutions. *See* U.S. CONST. amends. IV, XIV; ME. CONST. art. I, § 5. We review a suppression court's findings of fact for clear error and its legal conclusions de novo. *State v. Bilynsky,* 2007 ME 107, ¶ 16, 932 A.2d 1169, 1173. We "uphold the court's denial of a motion to suppress if any reasonable view of the evidence supports the trial court's decision." *State v. Alley,* 2004 ME 10, ¶ 13, 841 A.2d 803, 807 (quotation marks omitted).

[¶ 7] Pursuant to the exclusionary rule, evidence obtained in violation of a defendant's right to be free from unreasonable searches and seizures must be excluded at trial. *State v. Thibodeau,* 2000 ME 52, ¶ 6, 747 A.2d 596, 598. Generally, searches and seizures require a warrant. *State v. Michael M.,* 2001 ME 92, ¶ 6, 772 A.2d 1179, 1181; *see also* M.R.Crim. P. 41; *Katz v. United States,* 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). Nevertheless, a warrantless search is permitted when (1) "it is supported by probable cause" and there are "exigent circumstances ... requiring a prompt search, without the delay occasioned by the need for a warrant," or (2) "the search is pursuant to another recognized exception to the warrant requirement." *State v. Rabon,* 2007 ME 113, ¶ 11, 930 A.2d 268, 274 (quotation marks omitted). Once a warrantless search is adequately justified, any "objects in plain view, sighted inadvertently after a lawful intrusion into activities or areas as to which there is a reasonable expectation of privacy, will be admissible." *State v. Cloutier,* 544 A.2d 1277, 1281 n. 4 (Me.1988).

[¶ 8] "Probable cause exists when the officers' personal knowledge of facts and circumstances, in combination with any reasonably trustworthy information conveyed to them, would warrant a prudent person to believe" that the area to be searched holds evidence of a crime, or that a person for whom officers have an arrest warrant is located in that area. *Bilynsky,* 2007 ME 107, ¶ 18, 932 A.2d at 1173 (quotation marks omitted); *see also Maryland v. Buie,* 494 U.S. 325, 332–33, 110 S.Ct. 1093, 108 L.Ed.2d 276 (1990). In this case, there is no dispute that the agents had probable cause to arrest Peter and Mark Drown, by virtue of the valid arrest warrants they possessed on the day of the search. The agents also had probable cause to believe that at least one of the suspects for whom they had obtained an arrest warrant was in the motor home. At the time the motor home was searched, two of the three suspects for whom the

agents had arrest warrants had not yet been found. Although Calvin Mitchell was arrested when the agents entered the property, neither Mark nor Peter Drown had yet been arrested. Moreover, Peter Drown Sr. misled the agents by telling them that neither Peter nor Mark was present, yet moments later, agents spotted an individual reasonably believed to be Peter Drown fleeing from the motor home into the woods. After failing to locate the fleeing individual in the woods, agents returned to the mobile home from which he had fled, still attempting to locate Peter and Mark Drown, and believing that Mark Drown could be in the mobile home. As the United States Supreme Court has noted, "[p]ossessing an arrest warrant and probable cause to believe [the defendant] was in his home, the officers were entitled to enter and to search anywhere in the house in which [the defendant] might be found." *Buie*, 494 U.S. at 332–33, 110 S.Ct. 1093. Accordingly, the agents' warrantless search of the motor home was justified because the agents were properly attempting to execute two arrest warrants,[2] and their entry into the motor home was lawful, as was their seizure of the drug-related items that were in plain view in the motor home.

The entry is:

Judgment affirmed.

2. Given the propriety of the agents' motor home search on these grounds, we need not address the other bases on which the suppression court relied in denying Drown's motion.