2008 ME 178

**STATE of Maine**

v.

**Tyler P. BLACKBURN.**

Supreme Judicial Court of Maine.

Argued: Nov. 19, 2008.
Decided: Dec. 4, 2008.

Susan A. Faunce, Esq. (orally), Berman & Simmons, P.A., Lewiston, ME, for Tyler P. Blackburn.

Stephanie Anderson, District Attorney, Julia Sheridan, Asst. Dist. Atty. (orally), Portland, ME, for the State of Maine.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, LEVY, SILVER, MEAD, and GORMAN, JJ.

GORMAN, J.

[¶ 1] Pursuant to a conditional plea agreement in which Tyler P. Blackburn pleaded guilty to a charge of allowing a minor to possess or consume liquor in a place under his control (Class D), 28–A M.R.S. § 2081(1)(B)(1) (2007), Blackburn appeals from the District Court's (Portland, *Cantara, J.*) denial of his motion to suppress evidence obtained by police when they entered his family's home to investigate underage drinking. Blackburn contends that the search was not supported by probable cause or any of the exigent circumstances justifying a warrantless search of a residence. We disagree and affirm the judgment.

## I. BACKGROUND

[¶ 2] On September 13, 2007, two officers from the Windham Police Department responded to an address in Windham at about 11:50 p.m. in response to a complaint about a loud party. While standing outside of the residence, the officers watched through a large picture window as several people who appeared to be teenagers scurried to clear dark-colored bottles from tables and countertops. The officers noticed that some of the teenagers ducked under the window after they were spotted and one girl appeared to drop to the floor.

[¶ 3] As the officers approached the front door, they saw through window panels more young people running across the hall to another part of the house. The officers knocked on the door and rang the bell. Tyler Blackburn answered the door, identified himself, and told the officers that his father, who owned the house, was in the hospital. Blackburn was eighteen years old at the time. The officers asked Blackburn if underage drinking was taking place in his house, and Blackburn replied that it was. A sixteen-year-old girl standing beside Blackburn also admitted to the officers that she had consumed one beer about an hour earlier while in the house.

[¶ 4] As the officers proceeded to walk into the house, Blackburn told them that they could not enter. The officers responded by telling Blackburn that they had a right to enter because a crime was being committed and they did not want evidence to be destroyed. Once inside, one officer went to the basement where he found five teenagers, three of whom were hiding behind a hot water heater; the other officer went upstairs where he found six others. About half of Blackburn's guests admitted to drinking, and one of the young males appeared to be extremely intoxicated. The officers gathered the names and dates of birth of the individuals, and then issued a summons to Blackburn for furnishing a place for minors to consume alcohol.

[¶ 5] Blackburn filed a motion to suppress, arguing that any evidence seized as a result of the officers' search should be suppressed because the police conducted the search without probable cause and without a warrant. In denying the motion, the District Court found that the State met its burden in demonstrating that the officers' warrantless entry was justified by the exigent circumstance of possible destruction of evidence. Blackburn subsequently entered a conditional guilty plea to the charge of allowing a minor to possess or consume liquor in a place under his control (Class D), 28–A M.R.S. § 2081(1)(B)(1), and he filed this appeal.

## II. DISCUSSION

[¶ 6] Blackburn argues that the warrantless search of his home was not reasonable because the officers did not have probable cause, and, even if they did, the State presented no evidence to justify the

search pursuant to one of the recognized exceptions to the warrant requirement.

[¶ 7]    We review the findings of fact in a judgment on a motion to suppress for clear error, and we review the court's legal conclusions de novo.    *State v. Drewry*, 2008 ME 76, ¶ 19, 946 A.2d 981, 988.    We uphold a court's denial of a motion to suppress if any reasonable view of the evidence supports the court's decision. *Id.* Under the Fourth Amendment to the United States Constitution and article I, section 5 of the Maine Constitution, a warrantless search of a residence is generally unreasonable unless it is supported by probable cause and conducted pursuant to a recognized exception to the warrant requirement.    *See State v. Rabon*, 2007 ME 113, ¶ 11, 930 A.2d 268, 274.    Police officers have probable cause when their personal knowledge of facts and circumstances, combined with any reasonably trustworthy information conveyed to them, would warrant a prudent person to believe that the area to be searched holds evidence of a crime.    *State v. Bilynsky*, 2007 ME 107, ¶ 18, 932 A.2d 1169, 1173.

■    [¶ 8]    In this case, the officers had more than sufficient personal knowledge to believe that underage drinking was taking place inside the home.    Not only did they see people who appeared to be under twenty-one years old scurrying from room to room and clearing bottles from tables, but they also heard Blackburn and one of his underage guests admit that minors had consumed alcohol inside the house.    Based on these facts, any prudent person would believe that the house contained evidence—namely alcohol and/or empty bottles and people under twenty-one years old—of the crime of furnishing or allowing

consumption of liquor by prohibited persons.[1]

■    [¶ 9]    Next, we must consider whether the State met the additional burden of proving that the officers were justified in their decision to search the home without a warrant due to exigent circumstances.    *See Rabon*, 2007 ME 113, ¶ 14, 930 A.2d at 275 (stating that exigent circumstances exist when "there is a compelling need to conduct a search and insufficient time in which to secure a warrant" (quotation marks omitted)).

[¶ 10]    In this case, the officers watched through the front picture window as teenagers attempted to clear bottles from their view.    Subsequently, the officers obtained information directly from Blackburn that minors were and/or had been consuming alcohol in the house.    These two officers were rightfully concerned that evidence could be removed, concealed, destroyed or otherwise lost if they waited to obtain a warrant.    *See State v. Leonard*, 2002 ME 125, ¶ 13, 802 A.2d 991, 994 (listing the potential for loss or destruction of evidence as a justification for a warrantless search of a residence).    It was close to midnight; if the officers had taken the time to obtain a search warrant, Blackburn and his guests easily could have emptied any remaining alcohol from the bottles and found a way to conceal them.    Exigent circumstances existed here.

[¶ 11]    In reaching this conclusion, we recognize that the United States Supreme Court has placed a heavy burden on the State when it is attempting to justify a warrantless search of a person's home. *See Welsh v. Wisconsin*, 466 U.S. 740, 749–50, 104 S.Ct. 2091, 80 L.Ed.2d 732 (1984) (holding that the warrantless arrest of a

---

1.    Maine law prohibits a person from knowingly "[a]llow[ing] a minor under that person's control or in a place under that person's control to possess or consume liquor."    28–A M.R.S. § 2081(1)(B) (2007).

suspected drunk driver in his home violated the Fourth Amendment of the United States Constitution). In *Welsh,* the Supreme Court noted that the presumption of unreasonableness that attaches to warrantless home entries should be more difficult to rebut when the government is investigating a minor offense. *Id.* at 750–53, 104 S.Ct. 2091.

[¶ 12] Blackburn was convicted of a Class D misdemeanor. However, the crime of allowing a minor to possess or consume liquor in a place under one's control can be elevated to a Class C felony if the consumption of alcohol by the minor "in fact causes serious bodily injury to or death of the minor or any other individual." 28–A M.R.S. § 2081(1)(B)(5) (2007). The officers did not know before entering Blackburn's home whether any of the individuals inside had consumed enough alcohol to cause serious bodily injury to themselves or others. Given what we know about the dangers of underage drinking, it was certainly a possibility. The fact that Blackburn ultimately was charged with a misdemeanor is irrelevant to the analysis of this case.

[¶ 13] Because the warrantless search of Blackburn's home was supported by both probable cause and exigent circumstances, the District Court properly denied the motion to suppress.

The entry is:

Judgment affirmed.