STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CRIMNAL ACTION
DOCKET NO. VI-10-334, VI-10-345

STATE OF MAINE

v.                                    ORDER ON MOTION TO SUPPRESS

EUGENE DUNN

## FACTUAL BACKGROUND

Defendant, charged with two civil violations, the sale and use of drug paraphernalia and the possession of marijuana, filed a motion to suppress all evidence obtained as a result of an unlawful entry and search of his apartment in violation of state and federal constitutional rights against unreasonable search and seizure. The police were at defendant's apartment to conduct a "knock and talk" about marijuana being used at 131 Bridge Road, Apartment A. The police gained entry to defendant's apartment by first entering through an outer door to an inner hallway that the police believed was a common hallway. Defendant counters that the hallway was part of his apartment and not used by anyone else except the upstairs tenant in the case of an emergency. Defendant further argues that outside the outer door there was a mailbox on which his and his girlfriend's names and their address "131 A" appeared and also a "Knock Here" sign was posted on the outer door. The defendant testified that no other tenants' names and addresses appeared outside the outer door and they have the only key for the outer door, which is usually locked.

Of course, most of the facts essential to deciding this dispute are hotly contested. Defendant testified on the date in question the outer door was unlocked because someone had recently exited the apartment but that only he and his girlfriend and the landlord, his grandmother, had a key for the outer door. No key was needed for the inner doors to defendant's apartment since they left the inside doors unlocked and relied on the outer door as the entry to their apartment. They also considered the hallway part of their apartment and stored a number of items in their hallway including items for their grill, cat food, door ornaments, pictures, recycling items and a cooler. The police testified that the outer door was unlocked and there was a woman in the hallway who claimed to be looking for her daughter. The police testified that they smelled marijuana while in the hallway but could not determine initially where it was coming from.

The layout of 131 Bridge Street includes a hallway inside the outer door. There was a stairway straight ahead, a door to the left and two doors to the right of the stairway. There are no doorbells or signage at any of the interior doors or stairwell. The stairway goes up to the second floor where there is a tenant who has a separate entrance on the other side of the building. The second floor tenant only uses the back stairway in an emergency and does not have a key to enter through the outer door. On March 8, 2009, the police said there may have been some items inside the hallway but nothing was blocking the doors or stairway and the photographs introduced by the defendant do not fairly and accurately represent how the hallway appeared on March 8. The police also testified that they did not see the "Knock Here" sign; it was not posted on the door on March 8.

2

The officers entered the into the hallway, found the woman looking for her daughter and knocked on the door to the far right. The defendant heard noises or people arguing out in the hallway and opened the door to the left of the stairway. This was a different door than the door on which the police had just knocked. Both doors give access to defendant's apartment. The third door goes to the basement where no one stores anything. The arguing overheard by defendant was between the officers and the woman in the hallway. The officers eventually evicted the woman from the back hallway.

According to the defendant, one of the officers put his hand and foot in the interior door so he could not close it. At this point, the police smelled the marijuana wafting out of defendant's apartment. Defendant told the officers to get out: The defendant yelled at the officers to get out of his apartment and that the hallway was not a common hallway. The defendant contends he never gave consent to enter his apartment until the police threatened to obtain a warrant to bring the dogs there who would terrorize the defendant's cats, tear defendant's apartment apart and keep him up all night. Defendant eventually signed a consent form to avoid the consequences threatened by the police because the defendant had to be at work early the next morning.

The police counter that they never threatened the defendant, although they admit they told defendant they would get a search warrant if necessary. They told him they were looking for Elizabeth Haskel, who defendant said was in the shower. They then told defendant they were investigating a report about marijuana being smoked in his apartment and they could smell marijuana. Defendant admitted he had a small amount in this apartment and after a discussion the defendant, fearful of the consequences if he did not consent, consented to a search. Defendant allowed the police into his living room.

3

DISCUSSION

Generally, searches and seizures require a warrant and the exclusionary rule requires suppression of evidence that is seized pursuant to an unreasonable search. *State v. Drown*, 2007 ME 142, ¶ 7, 937 A. 2d 157, 159 (citations omitted).

> Under the Fourth Amendment to the United States Constitution and article I, section 5 of the Maine Constitution, a warrantless search of a residence is generally unreasonable unless it is supported by probable cause and conducted pursuant to a recognized exception to the warrant requirement. Police officers have probable cause when their personal knowledge of facts and circumstances, combined with any reasonably trustworthy information conveyed to them, would warrant a prudent person to believe that the area to be searched holds evidence of a crime.

*State v. Blackburn*, 2008 ME 178, ¶ 8, 960 A. 2d 1148 (citations omitted). Also, "a search conducted by police pursuant to a valid consent, upon unopposed entry into a home, is constitutionally permissible and is an established exception to the warrant requirement of the federal constitution." *State v. Boilard*, 488 A. 2d 1380, 1384 (Me. 1985)(citations omitted). It is the State's burden to establish by a preponderance of the evidence "the underlying facts bringing the case within one of the exceptions to the warrant." *Id.* (citations omitted).

The police admit that they didn't have exigent circumstances, they had no evidence of a crime being committed, and they had no warrant; all they had was the smell of marijuana once they entered the back hallway and a report from a prior motor vehicle stop that marijuana was being used at this address. They also contend that although the defendant asked them to leave, they had his consent to enter the apartment.

The State must establish by a preponderance of the evidence that they had valid consent to enter the defendant's apartment or that they had probable cause to make a

warrantless entry into the apartment. *See State v. Rabon*, 2007 ME 113, ¶¶14-15, 930 A. 2d 268, 275. The second prong of the State's burden rests on when the police entered the apartment. At the outer door, the police had no probable cause to enter. The police only had probable cause once they had entered the hallway and determined that the smell of marijuana was wafting from the defendant's apartment. The smell or odor of marijuana can by itself establish probable cause to search. *State v. Barclay*, 398 A. 2d 794, 797 (Me. 1979). However, in *Barclay* the warrantless search of an automobile was justified because of exigent circumstances. *Id.* at 798. There are no exigent circumstances to support a warrantless entry into defendant's apartment.[1] Thus, the only issue is whether there was valid consent to enter the apartment. The court concludes that there was not valid consent because the police wrongly entered the hallway, then used their foot and hand to block defendant's closing of the interior doorway, and finally threatened the defendant to obtain his consent.

The defendant argues that the hallway is part of his home and relies on *United States v. Rheault*, 561 F.3d 55 (1st Cir. 2009) for the appropriate analysis in deciding his suppression motion. Under *Rheault*, the court first analyzes whether the defendant exhibited an actual, subjective expectation of privacy and second, whether such subjective expectation is one that society is prepared to recognize. *Id.* at 59 (citation omitted). The State counters that the defendant lacks a reasonable expectation of privacy in the common hallway.

---

[1] Whether warrantless search justified by exigent circumstances or a temporary seizure of the premises to secure the scene, the warrant requirement authorizes warrantless entry only if the officers had probable cause to search at the time they made the decision to enter. *State v. Rabon*, 2007 ME at ¶¶ 14-15.

Under this analysis, the threshold burden is placed upon the defendant to prove that he had a legitimate expectation of privacy in the hallway as part of his home. Thereafter, the State must establish that the defendant's subjective expectation was not reasonable. The resolution of this issue is heavily dependent on particular facts. *Id.* at 61. Weighing in favor of privacy is that defendant posted his and his girlfriend's names on the single mailbox outside the exterior door and their names were the only ones posted outside. The expectation was that the mail carriers would leave their mail in the mail box outside and not inside the entryway. Other factors weighing in favor of privacy are that the defendant and his girlfriend and the landlord, his grandmother, were the only ones with keys to the outer door, his grandmother gave him exclusive control over the entryway except for emergencies when the second-floor tenant would use the stairway to exit the building. The tenant did not have a key and an emergency exit did not require the use of a key. The defendant did not lock the interior doors to his apartment because he considered the outer door as the entrance into his apartment. The outer door was usually locked. Factors weighing against a finding of a reasonable expectation of privacy, include that the exterior door was on this day unlocked, there was a guest or member of the public standing in the entryway when the police entered. Inside the entry there are three unmarked doors and a stairway leading upstairs to another tenant's apartment. On balance, the Court concludes that the defendant established that it is more likely than not that the outer door marked the entry point to defendant's apartment. Many people leave their outer doors unlocked but this does not cause their expectation of privacy or their Fourth Amendment rights to be diminished or disappear. All other reasonable indicia here establish that the outer door was the entry into only Apartment A at 131 Bridge

Road. Nor does the wrongful entry of an individual into one's private home support the entry of the police in violation of a person's Fourth Amendment rights. Thus, the police violated defendant's rights when they entered his apartment through the exterior door without a warrant or a basis for any of the exceptions to a warrant.

Turning next to the issue of consent to enter the apartment, the State must prove by a preponderance of the evidence that the consenting party gave it freely and voluntarily. *See State v. Bailey,* 2010 ME 15, ¶ 22, 989 A. 2d 716, 723. Whether consent is free and voluntary is a question of fact that requires an examination of the totality of the circumstances surrounding the relevant transaction between law-enforcement authorities and the consenting party. *Id.* ¶ 24, 989 A. 2d at 723-24. Consent can be invalidated if the officers induced consent through deceit, trickery or misrepresentation. *Id.* The officers had already wrongfully entered both the front door to the apartment, the hallway and the interior door to the apartment. The defendant told them to get out and that the hallway was part of his apartment, not a common area. Finally, defendant did not give his consent to search until the officers had threatened him. The court concludes that defendant did not freely and voluntarily give consent to search his apartment.

The motion to suppress is GRANTED.

Date: October 26, 2010

Joyce A. Wheeler, Justice

7

STATE OF MAINE
  vs
EUGENE D DUNN                                    Docket No  CUMCD-VI-2010-00345
131 BRIDGE ST APT A
WESTBROOK ME 04092                               **DOCKET RECORD**

DOB: 07/09/1985
Attorney: ROBERT LEVINE                 State's Attorney: STEPHANIE ANDERSON
          17 SOUTH STREET
          PORTLAND ME 04101
          RETAINED 03/25/2010


Filing Document: UNIFORM SUMMONS AND COMPLAINT    Major Case Type: CIVIL VIOLATION
Filing Date: 03/11/2010

## Charge(s)

1   **POSSESSION OF MARIJUANA**                   **03/08/2010 WESTBROOK**
**Seq 9738  22    2383(1)(A)**         **Class V**
   **CLOSE**              **/ WES**


## Docket Events:

03/12/2010 FILING DOCUMENT -  UNIFORM SUMMONS AND COMPLAINT FILED ON 03/11/2010

03/12/2010 Charge(s): 1
           HEARING -  ARRAIGNMENT SCHEDULED FOR 05/04/2010 @ 8:30 in Room No.  1

           NOTICE TO PARTIES/COUNSEL
03/25/2010 Party(s):  EUGENE D DUNN
           ATTORNEY -  RETAINED ENTERED ON 03/25/2010

           Attorney:  ROBERT LEVINE
05/04/2010 Charge(s): 1
           HEARING -  ARRAIGNMENT WAIVED ON 05/04/2010 @ 8:30 in Room No.  1

05/04/2010 Charge(s): 1
           PLEA -  DENY ENTERED BY COUNSEL ON 05/04/2010 @ 8:30 in Room No.  1

05/04/2010 Charge(s): 1
           HEARING -  DISPOSITIONAL CONFERENCE SCHEDULED FOR 07/29/2010 @ 9:30 in Room No.  7

05/04/2010 Charge(s): 1
           TRIAL -  BENCH SCHEDULED FOR 08/23/2010 @ 8:30 in Room No.  11

07/13/2010 Charge(s): 1
           HEARING -  DISPOSITIONAL CONFERENCE NOTICE SENT ON 07/13/2010
           TERRY  VALCOURT , ASSISTANT CLERK-E
07/29/2010 Charge(s): 1
           HEARING -  DISPOSITIONAL CONFERENCE HELD ON 07/29/2010
           ROLAND A COLE , JUSTICE
           Attorney:  ROBERT LEVINE
           DA:  MATTHEW TICE
07/29/2010 MOTION -  MOTION TO SUPPRESS FILED BY DEFENDANT ON 07/29/2010

07/29/2010 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 08/10/2010 @ 1:00 in Room No. 8

07/29/2010 HEARING - MOTION TO SUPPRESS NOTICE SENT ON 07/29/2010

08/04/2010 MOTION - MOTION TO CONTINUE FILED BY STATE ON 08/03/2010

08/05/2010 MOTION - MOTION TO CONTINUE GRANTED ON 08/05/2010
          ROLAND A COLE , JUSTICE
          JH
08/05/2010 HEARING - MOTION TO SUPPRESS CONTINUED ON 08/05/2010

08/05/2010 Charge(s): 1
          TRIAL - BENCH CONTINUED ON 08/05/2010

08/05/2010 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 08/24/2010 @ 1:00 in Room No. 8

08/05/2010 HEARING - MOTION TO SUPPRESS NOTICE SENT ON 08/05/2010

08/05/2010 Charge(s): 1
          TRIAL - BENCH SCHEDULED FOR 09/13/2010 @ 8:30 in Room No. 11

08/05/2010 Charge(s): 1
          TRIAL - BENCH NOTICE SENT ON 08/05/2010


          JH
08/25/2010 Charge(s): 1
          TRIAL - BENCH CONTINUED ON 08/24/2010

08/25/2010 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 09/01/2010 @ 9:00 in Room No. 11
          JOYCE A WHEELER , JUSTICE
08/26/2010 HEARING - MOTION TO SUPPRESS NOTICE SENT ON 08/26/2010

11/09/2010 HEARING - MOTION TO SUPPRESS HELD ON 08/24/2010
          JOYCE A WHEELER , JUSTICE
11/09/2010 MOTION - MOTION TO SUPPRESS GRANTED ON 11/03/2010
          JOYCE A WHEELER , JUSTICE
11/09/2010 HEARING - MOTION TO SUPPRESS HELD ON 09/01/2010
          JOYCE A WHEELER , JUSTICE
11/09/2010 OTHER FILING - COURT ORDER FILED ON 11/03/2010
          JOYCE A WHEELER , JUSTICE
          ORDER ON MOTION TO SUPPRESS
11/09/2010 TRIAL - BENCH SCHEDULED FOR 12/13/2010 @ 8:30 in Room No. 11

11/09/2010 TRIAL - BENCH NOTICE SENT ON 11/09/2010


A TRUE COPY
ATTEST: _____
                    Clerk

STATE OF MAINE
    vs
EUGENE D DUNN                                    Docket No  CUMCD-VI-2010-00344
131 BRIDGE ST APT A
WESTBROOK ME 04092                               **DOCKET RECORD**

DOB: 07/09/1985
Attorney: ROBERT LEVINE                    State's Attorney: STEPHANIE ANDERSON
          17 SOUTH STREET
          PORTLAND ME 04101
          RETAINED 03/25/2010


Filing Document: UNIFORM SUMMONS AND COMPLAINT     Major Case Type: CIVIL VIOLATION
Filing Date: 03/11/2010

## Charge(s)

1   SALE AND USE OF DRUG PARAPHERNALIA          03/08/2010 WESTBROOK
Seq 8579   17-A  1111-A(4)(A)           Class V
   CLOSE                   / WES


## Docket Events:

03/12/2010 FILING DOCUMENT -  UNIFORM SUMMONS AND COMPLAINT FILED ON 03/11/2010

03/12/2010 Charge(s): 1
           HEARING -  ARRAIGNMENT SCHEDULED FOR 05/04/2010 @ 8:30 in Room No.  1

           NOTICE TO PARTIES/COUNSEL
03/25/2010 Party(s):  EUGENE D DUNN
           ATTORNEY -  RETAINED ENTERED ON 03/25/2010

           Attorney:  ROBERT LEVINE
05/04/2010 Charge(s): 1
           HEARING -  ARRAIGNMENT WAIVED ON 05/04/2010 @ 8:30 in Room No.  1

05/04/2010 Charge(s): 1
           PLEA -  DENY ENTERED BY COUNSEL ON 05/04/2010 @ 8:30 in Room No.  1

05/04/2010 Charge(s): 1
           HEARING -  DISPOSITIONAL CONFERENCE SCHEDULED FOR 07/29/2010 @ 9:30 in Room No.  7

05/04/2010 Charge(s): 1
           TRIAL -  BENCH SCHEDULED FOR 08/23/2010 @ 8:30 in Room No.  11

07/13/2010 Charge(s): 1
           HEARING -  DISPOSITIONAL CONFERENCE NOTICE SENT ON 07/13/2010
           TERRY  VALCOURT , ASSISTANT CLERK-E
07/29/2010 Charge(s): 1
           HEARING -  DISPOSITIONAL CONFERENCE HELD ON 07/29/2010
           ROLAND A COLE , JUSTICE
           Attorney:  ROBERT LEVINE
           DA:  MATTHEW TICE
07/29/2010 MOTION -  MOTION TO SUPPRESS FILED BY DEFENDANT ON 07/29/2010

07/29/2010 Charge(s): 1
            HEARING -  MOTION TO SUPPRESS SCHEDULED FOR 08/10/2010 @ 1:00 in Room No.  8


07/29/2010 Charge(s): 1
            HEARING -  MOTION TO SUPPRESS NOTICE SENT ON 07/29/2010


08/04/2010 MOTION -  MOTION TO CONTINUE FILED BY STATE ON 08/03/2010


08/05/2010 MOTION -  MOTION TO CONTINUE GRANTED ON 08/05/2010
            ROLAND A COLE , JUSTICE
            JH
08/05/2010 Charge(s): 1
            HEARING -  MOTION TO SUPPRESS CONTINUED ON 08/05/2010


08/05/2010 Charge(s): 1
            TRIAL -  BENCH CONTINUED ON 08/05/2010


08/05/2010 HEARING -  MOTION TO SUPPRESS SCHEDULED FOR 08/24/2010 @ 1:00 in Room No.  8


08/05/2010 HEARING -  MOTION TO SUPPRESS NOTICE SENT ON 08/05/2010


            JH
08/05/2010 Charge(s): 1
            TRIAL -  BENCH SCHEDULED FOR 09/13/2010 @ 8:30 in Room No.  11


08/05/2010 Charge(s): 1
            TRIAL -  BENCH NOTICE SENT ON 08/05/2010


            JH
08/25/2010 HEARING -  MOTION TO SUPPRESS CONTINUED ON 08/24/2010


08/25/2010 HEARING -  MOTION TO SUPPRESS SCHEDULED FOR 09/01/2010 @ 9:00 in Room No.  11
            JOYCE A WHEELER , JUSTICE
08/26/2010 HEARING -  MOTION TO SUPPRESS NOTICE SENT ON 08/26/2010


11/09/2010 HEARING -  MOTION TO SUPPRESS HELD ON 09/01/2010
            JOYCE A WHEELER , JUSTICE
11/09/2010 Charge(s): 1
            TRIAL -  BENCH NOT HELD ON 11/09/2010


11/09/2010 MOTION -  MOTION TO SUPPRESS GRANTED ON 11/03/2010
            JOYCE A WHEELER , JUSTICE
11/09/2010 TRIAL -  BENCH SCHEDULED FOR 12/13/2010 @ 8:30 in Room No.  11


11/09/2010 TRIAL -  BENCH NOTICE SENT ON 11/09/2010


A TRUE COPY
ATTEST: _____
                    Clerk