MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2014 ME 129
Docket:        Cum-13-500
Submitted
 On Briefs:    July 1, 2014
Decided:       November 18, 2014

Panel:         SAUFLEY, C.J., and ALEXANDER, SILVER, MEAD, and GORMAN, JJ.

## STATE OF MAINE

v.

## JESSICA BABB

SAUFLEY, C.J.

[¶1] Jessica Babb appeals from a judgment of conviction for stealing drugs (Class C), 17-A M.R.S. § 1109(1), (2)(A) (2013) entered by the court (*Mulhern, J.*) on Babb's conditional guilty plea pursuant to U.C.D.R.P-Cumberland County 11(a)(2); M.R. Crim. P. 11(a)(2). She argues that the court erred in denying her motion to suppress her confession, which was made to police during a voluntary polygraph. Among other arguments, Babb asserts that the Sixth Amendment right to counsel, once invoked regarding a specific offense, applies to interrogations arising out of all subsequent, separately alleged offenses. Babb also argues that her Sixth Amendment right to counsel attached when she was interrogated by police before the State filed a charge against her. We affirm the judgment.

## I. BACKGROUND

[¶2] Several months before the events that gave rise to the current charges, Babb was charged with theft of drugs.[1] On May 16, 2012, the court (*Lawrence, J.*) accepted her guilty plea and entered a judgment against Babb on both counts, granting a deferred disposition requiring her to refrain from all criminal conduct and releasing her on bail.

[¶3] Approximately three months later, the events that led to this appeal took place. The following findings by the court are supported by competent record evidence. *State v. Drown*, 2007 ME 142, ¶ 3, 937 A.2d 157. In August 2012, a Falmouth woman reported to police that jewelry and prescription medication had been stolen from her home. Babb, who was employed at the house as a housecleaner, became a suspect in the investigation. A police detective called Babb and asked if she would meet with him at the police station. Babb drove herself to the police station, where she denied having taken the items from the home. When the detective offered Babb the opportunity to take a polygraph test, she agreed. She took the polygraph test on November 12, 2012. Before administering the test, the polygraph examiner, a police officer, told Babb that she was free to leave at any time. He also told Babb that she would not be arrested

---

[1] Babb was charged on February 9, 2012, with one count of stealing drugs (Class C), 17-A M.R.S. § 1109(1), (2)(A) (2013), and one count of theft by unauthorized taking or transfer (Class D), 17-A M.R.S. § 353(1)(B)(5) (2013).

during the polygraph test regardless of what she said, but that he would convey the information to the investigating officers, who would take whatever action they deemed necessary.

[¶4] The examiner explained to Babb that, because she was not in custody, *Miranda* warnings were not required. Nevertheless, he informed her, certified polygraph examiners give the warning as part of their protocol; he administered the warning to Babb. He told Babb that she was free to call an attorney if she had one. Babb did not request an attorney.

[¶5] After the test, the examiner informed Babb that the results indicated deception. Babb then confessed to taking the prescription medication, but not the jewelry, from the residence. At the examiner's suggestion, Babb prepared a written confession on a "voluntary statement" sheet that the examiner provided. The voluntary statement sheet had *Miranda* warnings printed at the top of the page. The interaction between the examiner and Babb was congenial throughout. Babb later sent the examiner an unsolicited email that included additional incriminating statements.

[¶6] The State charged Babb by indictment with stealing drugs on June 7, 2013. *See* 17-A M.R.S. § 1109(1), (2)(A). On September 11, 2013, Babb moved to suppress the statements that she made to the polygraph examiner, arguing that the police violated her Sixth Amendment right to counsel by questioning her

outside the presence of the attorney appointed for her defense in the earlier prosecution; that the evidence was obtained in violation of the Fifth Amendment because her statements to the police were involuntary and because she was not properly given *Miranda* warnings; and, because her earlier sentence for the same crime with conditions requiring her to submit to random drug tests led her to believe that she was required to answer questions, she felt as constrained as she would feel in an arrest.

[¶7]  Following a hearing, the court denied Babb's motion by order dated October 17, 2013.  Citing *McNeil v. Wisconsin*, 501 U.S. 171, 175 (1991), the court reasoned that "the individual must invoke her right to an attorney for each individual prosecution" and concluded that the State did not violate Babb's Sixth Amendment right to counsel because there were no formal charges against Babb related to the offenses for which she submitted to questioning.  The court also found that Babb's statements to the police were voluntary under the totality of the circumstances and that Babb was not entitled to *Miranda* warnings pursuant to the Fifth Amendment because both interviews of Babb were noncustodial.

[¶8]  Babb entered a conditional guilty plea on October 28, 2013. U.C.D.R.P.−Cumberland County 11(a)(2); *see* M.R. Crim. P. 11(a)(2).  On October 29, 2013, the court (*Mulhern, J.*) entered a judgment sentencing Babb to eighteen months of imprisonment with all but thirty days suspended, and two years

of probation. Babb appealed, and the court stayed execution of the sentence pending Babb's appeal.

## II. DISCUSSION

[¶9] We are unpersuaded by Babb's contentions that she was entitled to but did not receive adequate *Miranda* warnings, *State v. Ormsby*, 2013 ME 88, ¶ 13, 81 A.3d 336, *cert. denied*, 134 S. Ct. 1523 (U.S. 2014) (quotation marks omitted), that her confession was involuntary, *see State v. Lavoie*, 2010 ME 76, ¶¶ 19–20, 1 A.3d 408, and that her waiver of rights was involuntary, *see State v. Coombs*, 1998 ME 1, ¶ 13, 704 A.2d 387. We focus on Babb's contention that the court erred in admitting the evidence that the State gathered during Babb's polygraph examination because that evidence was gathered in violation of her Sixth Amendment right to counsel. "We review a suppression court's findings of fact for clear error and its legal conclusions de novo." *Drown*, 2007 ME 142, ¶ 6, 937 A.2d 157. We will "uphold the court's denial of a motion to suppress if any reasonable view of the evidence supports the trial court's decision." *Id.* (quotation marks omitted).

[¶10] The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to . . . have the Assistance of Counsel for his defense." U.S. Const. amend. VI. "The Sixth Amendment right to counsel, which was made binding on the States through the

Fourteenth Amendment, is among the fundamental principles of liberty and justice which lie at the base of all our civil and political institutions." *State v. Johnson*, 2012 ME 39, ¶ 9, 38 A.3d 1270 (quotation marks omitted). *See Powell v. Alabama*, 287 U.S. 45, 66-68 (1932). Important to our consideration here, the Sixth Amendment right to counsel attaches when the State initiates "adversary judicial proceedings" against a defendant. *Kirby v. Illinois*, 406 U.S. 682, 688 (1972) (citing *Powell*, 287 U.S. at 66-68). Once the State has initiated adversary judicial proceedings, the Sixth Amendment guarantees the defendant the right to counsel at "critical stages" of the criminal process. *Simmons v. United States*, 390 U.S. 377, 382-83 (1968). *See* U.S. Const. amend. VI; *State v. Watson*, 2006 ME 80, ¶ 17, 900 A.2d 702. Interrogation of a defendant after the State has initiated criminal judicial proceedings is such a stage. *Montejo v. Louisiana*, 556 U.S. 778, 786 (2009) (citing *Massiah v. United States*, 377 U.S. 201, 204-205 (1964)).

[¶11] The right to counsel guaranteed by the Sixth Amendment "is offense specific," however, and "cannot be invoked once for all future prosecutions."[2] *McNeil*, 501 U.S. at 175. *See also State v. Shackelford*, 634 A.2d 1292, 1295 (Me. 1993). The Supreme Court defined "offense" in *Texas v. Cobb*, 532 U.S. 162, 173

---

[2] The Fifth Amendment right to the presence of counsel during custodial interrogations recognized by *Miranda v. Arizona*, 384 U.S. 436, 467 (1966), however, is not offense specific. *See Arizona v. Roberson*, 486 U.S. 675, 682 (1988). Thus, "[o]nce a suspect invokes the *Miranda* right to counsel for interrogation regarding one offense, he may not be reapproached regarding *any* offense unless counsel is present." *McNeil v. Wisconsin*, 501 U.S. 171, 177 (1991).

(2001). In *Cobb*, the defendant was indicted for burglary, appointed counsel, convicted, and released on bond. *Id.* at 165. Over a year later, while free on bond in the burglary case, the defendant confessed to his father that he had killed a woman and a child in the course of the robbery. *Id.* His father informed the police, who used the information to secure a warrant for the defendant's arrest. *Id.* The defendant was arrested, waived his *Miranda* rights, confessed to the murders outside the presence of the attorney appointed for his representation in the burglary prosecution, and was convicted of capital murder. *Id.* at 165-66.

[¶12] The Court of Criminal Appeals of Texas vacated the conviction and remanded the matter, holding that the defendant's conviction rested on evidence that should have been suppressed because it was gathered in violation of Cobb's Sixth Amendment right to counsel, and "once the right to counsel attaches to the offense charged, it also attaches to any other offense that is very closely related factually to the offense charged." *Cobb v. State,* 93 S.W.3d 1, 6 (Tex. Crim. App. 2000) *rev'd*, 532 U.S. 162 (2001). The Texas court reasoned that the murders were "factually interwoven with the burglary" such that they constituted the same offense for Sixth Amendment right-to-counsel purposes. *Id.*

[¶13] The United States Supreme Court reversed, holding that the court's inquiry should have been governed by *Blockburger v. United States*, 284 U.S. 299, 304 (1932), which provides the test for determining whether offenses are separate

in the double jeopardy context. *Cobb,* 532 U.S. at 172-73. In *Blockburger,* the Court provided that, "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." 284 U.S. at 304.

[¶14] Thus, pursuant to the reasoning in *Cobb* and *Blockburger*, a defendant's Sixth Amendment right to counsel from a prior prosecution attaches to an ensuing prosecution only if (1) the same "act or transaction" gave rise to the two prosecutions and (2) the facts the State must prove to carry its burden in the second prosecution are included among those it needed to prove to carry its burden in the first. *Id.*; 532 U.S. at 173.

[¶15] Accordingly, we must determine whether the court erred in concluding that Babb's right to counsel in a separate, prior prosecution[3] precluded law enforcement from talking with Babb without providing her an opportunity to secure the presence of her attorney during the pre-charge investigation of the new crimes.[4] Babb was charged with stealing drugs, 17-A M.R.S. § 1109(1), (2)(A), in February 2012 and again in June 2013; it is the latter charge that is before us. The

---

[3] A similar but temporally distinct crime. .

[4] The polygraph examiner did advise Babb that she had a right to consult with an attorney. Because the State has not argued that point in the context of Babb's Sixth Amendment challenge, we do not address it further.

two charges, although brought under the same statutory provision, did not arise out of the same "act or transaction" and are entirely unrelated except that the police may have suspected Babb of the second offense because she had committed the first. Thus, the February 2012 charges against Babb required the State to prove facts wholly different from the facts the State needed to prove to carry its burden on the charges now before us. *See Cobb*, 532 U.S. at 173; *Blockburger*, 284 U.S. at 304. The court did not err in concluding that Babb's Sixth Amendment right to counsel from the first prosecution did not attach to the second. *See Cobb*, 532 U.S. at 173; *Blockburger*, 284 U.S. at 304.

[¶16] The second issue we address is whether the pre-charge interrogation regarding the new criminal conduct that gave rise to the prosecution before us should be considered a "critical stage" of that prosecution for purposes of the Sixth Amendment. Babb's polygraph and confession took place months before the State initiated adversary judicial criminal proceedings against her. Because the Sixth Amendment right to counsel does not attach until the State commences adversary criminal judicial proceedings against a suspect, the Sixth Amendment simply does not apply in this context. *McNeil*, 501 U.S. at 175.

[¶17] The court did not err in denying Babb's motion to suppress.

The entry is:

Judgment affirmed.

**On the briefs:**

Robert C. Andrews, Esq., Portland, for appellant Jessica Babb

Stephanie Anderson, District Attorney, and Deborah A. Chmielewski, Asst. Dist. Atty., Prosecutorial District No. Two, Portland, for appellee State of Maine

Cumberland County Unified Criminal Docket docket number CR-2013-3761
FOR CLERK REFERENCE ONLY